FRANCES M. COSTIGIN, and SALLIE M. COSTIGIN *vs.*
THOMAS BOND.

*Section 22, of Article 4, of the Constitution—Reservation of
a Ruling or Decision for the Court in Banc—Sitting—Term
of Court—Jurisdiction of the Court in Banc.*

Where a trial is conducted by less than the whole number of the
Judges of a Circuit Court, it is competent, under section twenty-
two, of Article four, of the Constitution, for a party against whom
a decision is made, to have the point or question reserved for the
consideration of the three Judges of the Circuit *in banc;* and their
decision shall be conclusive against him.

In the provision of the Constitution requiring that the motion for
the reservation of the point or question decided, for the considera-
tion of the three Judges as a Court *in banc*, shall be entered of
record during the sitting at which such decision may be made, the
word "*sitting*" is not used as synonymous with "*term*" of the
Court.

The exception to a ruling must properly be taken as soon as the
ruling is made; but the party taking the exception has during the
entire *sitting*, that is, the whole time until the Court adjourns for
the day, to determine whether he will take his appeal to the Court
*in banc*, or to the Court of Appeals.

Where the motion to reserve for the consideration of the Court *in
banc* a decision made in the trial of a cause by one of the Circuit
Judges, is not entered of record during the sitting at which such
decision is rendered, the Court *in banc* has no jurisdiction of the
same.

APPEAL from the Circuit Court for St. Mary's County.

An action of ejectment was brought by the appellants
against the appellee. At the trial which was before only
one of the Judges of the Court, certain exceptions were
taken to the rulings of the Court on prayers offered by
counsel for the instruction of the jury. On the 31st of

Costigin *vs.* Bond.

March, 1885, the jury rendered a verdict for the plaintiffs. Afterwards on the second day of April, the defendant filed a motion for a new trial, which was by the Court overruled, and a motion was made by the defendant for an appeal thereon to the Court *in banc;* and on the same day the defendant filed a motion in arrest of judgment, which was by the Court on the same day overruled, and exception reserved by the defendant to the Court *in banc.* On the same day the defendant filed two bills of exception; it was stated in each exception that he appealed to the Court *in banc.* The plaintiffs moved to dismiss the appeal to the Court *in banc.* The Court overruled the motion to dismiss the appeal, and reversed the judgment for error in granting the plaintiffs' prayer, and ruled that on other points the judgment would have been affirmed. The Court ordered the cause to be remanded for a new trial. The plaintiffs appealed from the order of the Court overruling their motion to dismiss the appeal to the Court *in banc,* reversing the judgment of the Circuit Court, and ordering a new trial of the case.

The cause was argued before ALVEY, C. J., ROBINSON, RITCHIE, and BRYAN, J., for the appellants, and submitted on brief for the appellee.

*Daniel R. Magruder,* for the appellants.

*Daniel C. Hammett,* and *Benjamin G. Harris,* for the appellee.

BRYAN, J., after stating the case, delivered the opinion of the Court.

The twenty-second section of the fourth Article of the Constitution gave a new right of appeal. When a trial is conducted by less than the whole number of the Judges of a Circuit Court, it is competent for a party against whom

Costigin *vs.* Bond.

a decision is made to have the point or question reserved for the consideration of the three Judges *in banc;* and their decision is to be conclusive against him. This proceeding is in substitution of an appeal to the Court of Appeals, and makes a considerable alteration in the law on this subject. The change is not to be extended by construction beyond the terms of the Constitution. It is provided that the motion for a reservation of the point or question decided shall be entered of record during the sitting at which the decision may be made. The word *"sitting"* is not synonymous with *"term"* of the Court. The exception to a ruling must properly be taken as soon as the ruling is made; but this provision of the Constitution intended to give the party taking an exception the entire sitting of the Court (that is the whole time until the Court adjourned for the day) to determine whether he would have his appeal to the Court *in banc,* or to the Court of Appeals. It would be a very improvident construction of this section to hold that a party might have the whole term of the Court to make up his mind; and we think it is not warranted by the plain meaning of the words. As the motion was not entered of record during the sitting at which the ruling was made, the Court *in banc* had no jurisdiction of the appeal. As the ruling of the Court *in banc* was made exclusively on the bills of exception, our decision refers only to them.

*Judgment reversed.*

(Decided 10th March, 1886.)