# BOARD OF MEDICAL EXAMINERS *v.* STEWARD

[No. 129, October Term, 1954.]

*Decided April 21, 1955.*

The cause was argued before BRUNE, C. J., and DELA-
PLAINE, COLLINS and HENDERSON, JJ.

*Ambrose T. Hartman, Assistant Attorney General,* with
whom was *C. Ferdinand Sybert, Attorney General,* on
the brief, for the appellant.

*J. Cookman Boyd, Jr.,* with whom were *Henry M.
Decker, Jr., Lansdale G. Sasscer* and *Hal C. B. Clagett*
on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit
Court for Prince George's County granting a motion to
dismiss a reservation of points for decision by the court
in banc under Art. IV, Sec. 22 of the Maryland Constitu-
tion. The court in banc held that the Board of Medical
Examiners had no right to reserve points for its de-
termination and dismissed the appeal to it. The appellee
has filed in this Court a motion to dismiss the appeal,
and a brief contending, in the alternative, that the order
be affirmed.

The appellee, a medical practitioner, was cited by the
Board, on charges based upon his conviction in the Fed-
eral court for evading income taxes, and his license was
revoked. He appealed to the Circuit Court for Prince
George's County, where the order was reversed, on the
ground that the Board was improperly constituted, and
the case was remanded. On appeal to this Court the ap-
peal was dismissed on the ground that there was no right
of appeal under the statute, Code (1951), Art. 43, Sec.
144. *Bd. of Med. Examiners v. Steward,* 203 Md. 574.
On remand, the Board again considered the matter and
revoked his license. He appealed to the Circuit Court,

where the order was reversed by Judge Marbury on the merits. There was a seasonable motion to reserve points for consideration by the three Judges of the Seventh Judicial Circuit. A motion to dismiss was granted by those three Judges.

It was decided on the previous appeal that there is no right of appeal to this Court by either party. The only right of appeal from the Board's decision is to the Circuit Court, of the city or county where the person resides whose license has been revoked, "the judge or judges of which said court shall fully hear and determine all matters connected with the action of said board from which appeal is taken, and the decision of said court shall be final; * * *." Code (1951), Art. 43, Sec. 144. We recognized, however, that there was an exception to the general rule as to appeals from an appellate tribunal exercising special statutory authority, in cases where the jurisdiction of the tribunal is attacked. *Bd. of Med. Examiners v. Steward, supra; Johnson v. Board of Zoning Appeals,* 196 Md. 400. The appellant argues that the three-judge court, in deciding that it had no jurisdiction to hear the points reserved, refused to act within its jurisdiction and that this should be treated in the same way as if it had acted in excess of its jurisdiction. It contends that the refusal to act opens the door to an appeal within the exception noted.

We think the argument is unsound. The court in banc had jurisdiction over the subject matter and the parties, and it had the power to decide the question of its own jurisdiction. *Taylor v. Ramsay Co.,* 139 Md. 113, 124, and cases cited. See also *Stanley v. Safe Deposit Co.,* 87 Md. 450, 454, and 1 *Freeman, Judgments* (5th ed.), § 350. As was said in *Hendrick v. State,* 115 Md. 552, 560: "If the lower Court had the right to decide what it did decide, then no question can be made in this Court on the ground of want of jurisdiction, and whether it rightly decided what it did decide can only be reviewed by this Court when the right of review is given it." See also *Rayner v. State,* 52 Md. 368, 376; *Lambros v. Brown,*

184 Md. 350; *Berlinsky v. Eisenberg*, 190 Md. 636; *Hamburger v. Standard Lime Etc. Co.*, 198 Md. 336.

The same rule is applied in *habeas corpus* cases. A judgment that is a nullity, because the court lacked jurisdiction to render it, may be disregarded, even in a collateral proceeding, but in *Loughran v. Warden*, 192 Md. 719, 724, it was said "* * * the judgment of a superior court of general jurisdiction, which has power to decide all questions involved in a case before it, including constitutional questions and questions as to its own jurisdiction, is not a nullity * * *." See also *Superintendent v. Calman*, 203 Md. 414, 420.

Art IV, Sec. 22 of the Constitution provides that the decision of the court in banc "shall be the effective decision in the premises, and conclusive, as against the party at whose motion said points or questions were reserved." In *Shueey v. Stoner*, 47 Md. 167, 170, it was held that the decision of the court in banc was final upon the question as to the power of the Circuit Court to permit amendment of a petition, praying the appointment of a commission to open a road by the County Commissioners, so as to supply allegations of necessary jurisdictional facts. In *Costigin v. Bond*, 65 Md. 122, the appeal to this Court was taken by the opposite party, not by the party referring the case to the court in banc. It was held that the appeal to the court in banc had not been taken in time, so that the court had no jurisdiction over the subject matter.

For the reasons stated, we think the appeal must be dismissed. It is unnecessary to pass on the other questions argued.

*Appeal dismissed, with costs.*