BUCK, INDIV. AND AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF OLIVER G. BUCK v. FOLKERS

[No. 307, September Term, 1972.]

*Decided May 29, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, McWILLIAMS and SMITH, JJ., and JAMES C. MORTON, JR., Associate Judge of the Court of Special Appeals, specially assigned.

*M. Wayne Munday,* with whom were *Mudd & Mudd* on the brief, for appellant.

*Richard J. Clark* for appellee.

M<span>URPHY</span>, C. J., delivered the opinion of the Court.

Article IV, § 22 of the Constitution of Maryland, relating to "Circuit Courts" in the judicial circuits of Maryland, provides in pertinent part:

> "Where any Term is held, or trial conducted by less than the whole number of said Circuit Judges, upon the decision or determination of any point, or question, by the Court, it shall be competent to the party, against whom the ruling or decision is made, upon motion, to have the point, or question reserved for the consideration of the three Judges of the Circuit, who shall constitute a court in *banc* for such purpose; and the motion for such reservation shall be entered of record, during the sitting, at which such decision may be made; and the several Circuit Courts shall regulate, by rules, the mode and manner of presenting such points, or questions to the Court in *banc*, and the decision of the said Court in *banc* shall be the effective decision in the premises, and conclusive, as against the party, at whose motion said points, or questions were reserved; but such decision in *banc* shall not preclude the right of Appeal, or writ of error to the adverse party, in those cases, civil or criminal, in which appeal, or writ of error to the Court of Appeals may be allowed by Law. . . ."

We have previously recognized that "[r]eview by a court *in banc* in the counties is a procedure long authorized, but rarely used." *State Roads Commission v. Smith,* 224 Md. 537, 540, 168 A. 2d 705, 706 (1961).[1] Despite the relative paucity of our previous holdings concerning Article IV, § 22, certain principles are well established. The decision of the court en banc is conclusive, final, and non-appealable by the party who sought the en banc review (the moving party). *Board of Medical Examiners v. Steward,* 207 Md. 108, 113 A. 2d 426

---

1. Review by courts en banc has increased considerably in recent years.

(1955), *Shueey v. Stoner,* 47 Md. 167 (1877). *See also Tyler v. Board of Supervisors of Elections,* 213 Md. 37, 131 A. 2d 247 (1957). As to that party, a reservation of points or questions for consideration by the Court en banc is a substitute for an appeal to the Court of Appeals. *Costigin v. Bond,* 65 Md. 122, 3 A. 285 (1886).

Each of these decisions limited the non-appealability effect to "the party, at whose motion said points, or questions were reserved." Article IV, § 22. Under the express words of the Constitution, the non-moving party in the en banc proceeding, may appeal to this Court, "but such decision in *banc* shall not preclude the right of Appeal . . . to the adverse party, in those cases . . . in which appeal . . . to the Court of Appeals may be allowed by Law." *Id. Compare Costigin v. Bond, supra,* in which we reversed the en banc decision at the instance of the adverse party, *with Board of Medical Examiners v. Steward, supra,* where we dismissed the appeal brought by the moving party in the en banc proceedings. Obviously, in the limited area of permissible appeal to this Court, the parties must comply with the Maryland Rules of Procedure governing such appeals.

A review of the record in the instant case plainly requires us to grant the appellee's motion to dismiss the appeal. The record discloses that appellee, Lillian M. Folkers (Folkers) filed her petition for declaratory decree in the Circuit Court for Charles County. On December 30, 1971, the court (DeBlasis, J.) filed an order in favor of appellant, Floyd J. Buck (Buck). Folkers (the moving party in the en banc proceedings) then filed a Motion for Reservation of Points for Court In Banc. The en banc hearing was held March 21, 1972 and an opinion was filed April 26, 1972 remanding the case for a new trial because of prejudicial error committed by the trial court in the admission of evidence. The new trial was held October 2, 1972 (Mitchell, J.) and resulted in judgment being filed on October 13, 1972 in favor of Folkers. On November 10, 1972, Buck (the adverse party in the en banc proceedings) filed an Order for Appeal presenting only two questions, both of which relate to actions taken by the en banc panel. While Buck, as the adverse party, was entitled under Article IV, § 22 to appeal from the en banc

determination, the order for such an appeal, to be timely, must have been filed within thirty days after April 26, 1972. Maryland Rule 812. Since it was not, we cannot take cognizance of the questions presented. There being no other questions before us, we dismiss the appeal. Maryland Rule 835 b (3).

In view of our decision on the motion, we express no view on the merits.

*Appeal dismissed.*
*Appellant to pay costs.*