## MICHAEL C. FABER ET UX *v.* DURWARD WOLFE ET UX.

[No. 398, September Term, 1978.]

*Decided February 9, 1979.*

The cause was argued before *DAVIDSON, COUCH and MacDANIEL, JJ.

*Robert William Carney* for appellants.

*Scott G. Patterson,* with whom were *William E. Kirk* and *Townshend & Kirk, P.A.* on the brief, for appellees.

DAVIDSON, J., delivered the opinion of the Court.

On 20 February 1976, in the Circuit Court for Anne Arundel County, Durward and Inell Wolfe, appellees, filed a bill of complaint for declaratory and injunctive relief, alleging that Michael and Bonnie Faber, appellants, were depriving them of the use of a right-of-way across appellants' property. On 7 December 1977, at the close of a nonjury trial, Judge Raymond G. Thieme, Jr. found as a fact that an easement existed on appellants' property. At that time, the appellants noted an "exception to that finding specifically . . . to have the Court sitting in banc ultimately decide the issue." On 16 December 1977, Judge Thieme filed findings of fact in a decree which ordered appellants to provide a right-of-way for appellees.

On 5 January 1978, appellants filed a written "Bill of Exceptions Reserving Points for Consideration of Court In Banc." The sole point reserved was "[d]id the Court err in its finding a right-of-way existing in favor of the plaintiffs and the location of said right-of-way." On 9 January 1978, Judge Thieme approved the bill and ordered it and the papers in the case sent to the Judges of the Fifth Judicial Circuit, sitting in *banc.* On 12 January 1978, the appellees filed a motion to strike the bill of exceptions on the grounds that: 1) it was not timely entered during the sitting of the court; 2) it did not fully present the law and the facts; and 3) no transcript of the trial was attached.

On 23 January 1978, Judge Bruce C. Williams entered an order striking the appellants' bill of exceptions. This appeal is from that order.

The appellants contend that their exception was entered of record during the sitting of court as required by Maryland Constitution, article IV, section 22, and was reduced to

writing within the time required by Maryland Rule 510. They conclude, therefore, that their exception was timely filed. In addition, they maintain that their bill of exceptions contained sufficient facts and materials to satisfy the requirements of Maryland Rule 510 § b. We agree.

Maryland Constitution, article IV, section 22, provides:

> "Where any Term is held, or trial conducted by less than the whole number of said Circuit Judges, upon the decision or determination of any point, or question, by the Court, it shall be competent to the party, against whom the ruling or decision is made, *upon motion,* to have the point, or question reserved for the consideration of the three Judges of the Circuit, who shall constitute a court in *banc* for such purpose; *and the motion for such reservation shall be entered of record, during the sitting, at which such decision may be made.* . . ." (Emphasis added.)

The term "sitting" has been construed as "the whole time until the Court adjourned for the day," [1] or "the very day on which the adverse ruling was made." [2]

Maryland Rule 510 § b provides:

> "A point or question reserved for the court *in banc* shall be taken by means of exceptions, to be reduced to writing, and signed by the judge before whom the action may be tried, and so framed that the point or question may be fully presented as to both law and fact in case the action shall be transmitted to the appropriate appellate court instead of being heard by the court *in banc.*"

4 Poe, *Poe's Pleading and Practice,* § 839A at 760-62 (6th ed. 1975) interprets these provisions as follows:

> "As reference to the Constitution will disclose, *the motion for the reservation of the point or question*

---

1. Costigin v. Bond, 65 Md. 122, 124, 3 A. 285, 285 (1886).
2. Andresen v. State, 24 Md. App. 128, 206, 331 A. 2d 78, 124, *cert. denied,* 274 Md. 725 (1975), *aff'd,* 427 U. S. 463 (1976).

*shall be entered of record during the sitting at which such decision may be made. The 'sitting' of the court limits the party to the adjournment of the court for the day* and is not synonymous with the word 'term,' and probably is not inclusive of subsequent days of the trial if the matter should be held pending from one day to the next. *Although the motion must be made and entered of record within the time indicated, there is no constitutional requirement that the motion need be in writing. Neither the Constitution nor the applicable rule qualifies the form in which the motion must be made, from which we may assume that the motion may be made orally and in open court during the trial of the case* or immediately thereafter. In the alternative, it would seem, the exceptant may make his motion in writing. If the latter course of action is followed, the motion must be filed before the adjournment for the day and copies served upon adverse parties.

*"Rule 510 b provides that the point or question reserved for the court* in banc *'shall be taken by means of exceptions, to be reduced to writing,'* but *the rule is silent as to when the exception shall be reduced to writing and it would appear that the court would allow a reasonable time in order to prepare the papers* since the exception must be 'so framed that the point or question may be fully presented as to both law and fact in case the action shall be transmitted to the appropriate appellate court instead of being heard by the court *in banc.'* Since formal exception to a ruling or order is unnecessary, it would appear that at this point of the proceeding the motion would be sufficient. The view has been expressed that the exception must be made at the time of the adverse ruling upon which the appeal is taken. It seems that this would be contrary to the intent of the rule last cited and would be regressive rather than following the generally progressive trend of practice today. *A period of fifteen days*

*would not seem to be unreasonable,* especially if the exception must contain a statement of facts in the case. It may not always be necessary to set forth the facts for several reasons. Of these, the first is the fact that an exception and motion for hearing *in banc* may be upon a ruling of the court as to the pleadings. A second might be that the reservation may be to a point involving a pure question of law after a determination of fact by the finder of facts, that is, either by the court sitting as a jury or on issues framed and propounded to and answered by a jury.

"*Bearing in mind that the exceptions shall be so framed that the appellate court or another circuit court sitting* in banc *may have to pass upon the question, it would not be amiss to include most of the information required by the Court of Appeals in formal briefs when appeals are taken directly to that court. It would seem that the proceedings being less formal than an appeal to the Court of Appeals, even though that court might actually pass upon the question, less formality would be required and the proceeding would be similar to that conducted by the Supreme Bench of Baltimore City* under section 33 of Article 4 of the Constitution prior to its amendment in 1870. *That body heard appeals* in banc *from the law courts of Baltimore City on a transmittal of the record and without the necessity of a printed brief.* It is suggested, therefore, that a reference to the pleadings in question would be sufficient.

"The general outline of the exception should be as follows:

The ruling of the court upon which the exception is made.

A reference to all of the pleadings involved in the ruling and exception.

A brief statement of the case setting forth the questions presented, separately numbered.

The legal propositions involved and the terms and circumstances of the case without unnecessary detail.

A brief statement of the findings of fact, if any have been made, or, in the alternative, a brief statement of facts relied upon by the exceptant (an example would be facts alleged in the plaintiff's case, showing contributory negligence on his part; or facts in the plaintiff's case sufficient to take the case to the jury if a motion for a directed verdict has been made and granted at the conclusion of the plaintiff's case).

The argument in *brief form* to be made at the time of the hearing, which argument should be supported by authorities, although for brevity quotations from the authorities are not generally desirable.

The exception should conclude with, needless to say, the conclusion or end sought to be achieved by the moving party." (Emphasis added, footnotes omitted.)

We agree generally with Poe's construction and interpretation of these provisions.

A motion to reserve a point or question for consideration by a court in *banc,* if made orally, in open court, before adjournment for the day, is sufficient to satisfy the requirements of the Maryland Constitution. Written exceptions, if filed within a reasonable time, satisfy the requirements of Maryland Rule 510 § b.

Less formality is required in an in *banc* proceeding than in an appeal to this Court or the Court of Appeals. An in *banc* proceeding may properly be heard on a transmittal of the record without a printed brief. Indeed, the written exceptions themselves need not include all of the information or material required in formal appellate court briefs. There is no requirement that a transcript be submitted.

Applying these principles to the instant case produces a clear result. Here the appellants' exception, noted during

trial, constituted an oral motion made in open court during the trial, to preserve a question concerning the trial court's factual findings for consideration by a court in *banc*. This motion satisfied the requirement of the Constitution that the reservation of a point or question be entered of record during the sitting at which the trial court's decision was made. Accordingly, the appellants' motion was timely filed. Appellants' written exceptions were filed on 5 January 1978, 20 days after the trial court entered its decree. The period of 20 days, which elapsed between the entry of the trial court's decree and the filing of the written exceptions, when compared to the period of 40 days accorded for the filing of appellate briefs,[3] appears to be reasonable. Accordingly, the appellants satisfied the requirements of Maryland Rule 510 § b, and their written exceptions were timely filed.

Finally, the written exceptions contained sufficient information and material, if accompanied by a transmittal of the record including the pleadings and the exhibits, to apprise the court and the adverse party of the ruling of the court upon which the exceptions were made, the pleadings involved, the questions presented, the terms and circumstances of the case, the trial court's findings of fact, the argument to be made at the time of the hearing, and the relief sought. Since the only questions reserved were questions of fact, and not questions of law, there was no need for legal argument or the citation of legal authority. Thus, even though a transcript was not provided, the information and materials contained in the exceptions, when combined with the materials contained in the transmitted record, were sufficient to permit either a court in *banc* or an appellate court to consider the question whether the trial court had erred in finding that an easement existed on the appellants' property. Thus, the appellants again satisfied the requirements of Maryland Rule 510 § b.

---

3. Md. Rule 830 § a (1) provides:

"Within forty days after the filing of the record in this Court, appellant shall file . . . a printed brief . . . ."

Md. Rule 1030 § a (1) provides:

"Within forty days after the filing of the record in this Court, appellant shall file . . . a printed brief . . . ."

Under these circumstances, the trial court erred in striking the appellants' bill of exceptions reserving points for consideration of the Court in *banc.* Accordingly, we shall reverse.

> *Judgment reversed.*
>
> *Case remanded for further proceedings in accordance with this opinion.*
>
> *Costs to be paid by appellees.*