# DONALD LEE ESTEP *v.* BRENDA JANE ESTEP (MATT)

[No. 69, September Term, 1978.]

*Decided July 13, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Robert B. Ostrom* for appellant.

*Allen J. Kruger* for appellee.

DIGGES, J., delivered the opinion of the Court.

Following the Court of Special Appeals' dismissal of petitioner Donald L. Estep's appeal to that court of a determination, adverse to him, entered by a court in banc convened in the Seventh Judicial Circuit of Maryland, we granted his petition for a writ of certiorari to consider three questions: 1) did the Court of Special Appeals err in dismissing Mr. Estep's appeal under Maryland Rule 1035 b 1 as "not allowed by law"; 2) was the court in banc correct in reversing the finding of the Circuit Court for Prince George's County that it had no jurisdiction to consider the request of petitioner's ex-wife, respondent Brenda J. Matt (formerly Estep), for modification of a child custody order issued by that court several years earlier; and 3) was the court in banc likewise correct in reversing the circuit court's decision that it should decline to hear the matter because the circuit court was an inconvenient forum to now adjudicate the custody modification request. After studying the record in this case, however, we conclude that although the Court of Special Appeals was incorrect in directing the dismissal of the

petitioner's appeal to that court, we likewise do not reach the other two questions posed because the court in banc determined those issues prior to the entry of a final, appealable order by the chancellor. As a consequence, we will reverse the Court of Special Appeals' dismissal of petitioner's appeal and remand this case to that court with instructions that it vacate the judgment of the court in banc and remand the case to the Circuit Court for Prince George's County for further proceedings consistent with this opinion.

By order dated December 9, 1971, the Circuit Court for Prince George's County awarded custody of the four children of the marriage of Donald and Brenda Estep to their father on the condition that the children reside with their paternal grandparents in Woodstock, Virginia, which is a little less than 100 miles from Prince George's County.[1] Subsequently, in an independent action, petitioner and respondent were divorced *a vinculo matrimonii* by a decree of the Prince George's County Circuit Court dated July 3, 1973. Although custody of the four children was not specifically raised before the chancellor as a contested issue in the divorce action, the decree nonetheless reaffirmed the custody arrangement established by the 1971 order.

Since February 1971 the three youngest children have lived and gone to school in Woodstock and have returned to this State only infrequently to visit their mother, who continues to reside in this State. Approximately one and one-half years after his parents were divorced, and with the consent of all the parties but without modification of the custody order, the eldest son moved from his grandparents' home to that of his mother, where he continues to reside at the present time. The father, while both employed and living in Maryland during the work week, claims Woodstock as his residence since he usually returns there to stay over the weekends.

Following her remarriage, respondent on July 15, 1977, submitted to the circuit court a petition, which was filed in the original custody case, seeking modification of the order of December 9, 1971, so as to grant her custody of each of

1. The four Estep children and their current ages are: Anthony Scott, 17; Tammara Dawn, 13; Theresa Lynn, 11; and Terance Dewayne, 9.

the four children. The petitioner resisted his former wife's request by asserting that under the Uniform Child Custody Jurisdiction Act (UCCJA) as adopted in Maryland, Md. Code (1957, 1973 Repl. Vol., 1978 Cum. Supp.), Art. 16, §§ 184-207, the chancellor was without jurisdiction to grant the modification sought and, in the alternative, that the Circuit Court for Prince George's County was an inconvenient forum to litigate the mother's demand for a change in the custody of the children. In addition, Mr. Estep filed a cross-petition for modification of the December 9 order, demanding contribution from his ex-wife for the support of the three children living with their grandparents. By an order filed January 24, 1978, Prince George's County Circuit Court Judge Robert J. Woods dismissed Mrs. Matt's motion to modify the December 9 decree as it related to the three youngest children, declaring that under the UCCJA the circuit court was without jurisdiction and was also an inconvenient forum for the prosecution of any action to change the custody of the three children.

On the same day the chancellor's order was filed, acting pursuant to section 22 of Article IV of the Maryland Constitution and Maryland Rule 510, respondent sought an in banc review of Judge Wood's decision by filing a reservation of points concerning that determination.[2] Although the father's cross-petition for support contributions and the mother's motion for modification with regard to custody of the eldest son remained pending before the chancellor, a court in banc, with three Seventh Circuit judges presiding, was convened, heard argument by the parties on the correctness of Judge Wood's ruling, and on April 26, 1978, filed its opinion and order by which it reversed the circuit court's determination. In making its ruling, the court in banc stated that the chancellor's "continuing jurisdiction" over the equity decree that gave petitioner custody of the four children had not been abrogated by the enactment of the UCCJA and

2. For a fuller discussion of in banc appeal procedure under section 22 and Maryland Rule 510 see Washabaugh v. Washabaugh, 285 Md. 393, 404 A. 2d 1027 (1979).

that the circuit court was not an inconvenient forum. Petitioner, as the nonmoving party before the court in banc, noted a timely appeal of this decision to the Court of Special Appeals, which dismissed it, and we granted certiorari.

In addressing the initial issue of the propriety of the Court of Special Appeals' dismissal of petitioner's request for review, we find that we are at somewhat of a loss because that court failed to further explain the reason for its decision, other than to say the appeal was "not allowed by law." [3] The requirements regulating further appeal from the decision of a court in banc are set out in section 22 of Article IV:

[T]he decision of the said Court in banc shall be the effective decision in the premises, and conclusive, as against the party, at whose motion said points, or questions were reserved; but such decision in banc shall not preclude the right of Appeal . . . in those cases, civil or criminal, in which appeal, or writ of error to the Court of Appeals may be allowed by Law. [Md. Const., Art. IV, § 22.]

See Md. Code (1974), § 12-302 (d) of the Courts Article. Being the nonmoving party to the court in banc, petitioner, as he was authorized to do, seasonably noted an appeal to the Court of Special Appeals, thereby properly perfecting his request for review.[4] If, as petitioner has suggested, the Court of

---

3. In this regard, we would hope that in the future, when dismissing appeals under Rule 1035 b 1 as "not allowed by law," the Court of Special Appeals will add a few lines of explanation to aid those involved in understanding the reason for its determination and to provide this Court with the information necessary to reach a decision on whether a request for review of the dismissal should be granted.

4. In the advent of a determination by a court in banc adverse to the nonmoving party, section 22 provides that such a decision "shall not preclude the right of Appeal, or writ of error to the adverse party, in those cases, civil or criminal, in which appeal, or writ of error to the Court of Appeals may be allowed by Law." Md. Const., Art. IV, § 22. This "right of Appeal" is nonetheless subject to the caveat, found in the final clause of section 22, that it, along with the rest of section 22, "shall be subject to such provisions as may hereafter be made by Law." While prior to creation of the Court of Special Appeals in 1966, see 1966 Md. Laws, ch. 11, § 1, this Court was the sole tribunal before which any right of appeal from a court in banc could possibly have been exercised, this is no longer the case. Acting pursuant to the power granted it by section 14A of Article IV of the Maryland Constitution, the General Assembly has enacted sections 12-307 and 12-308 of the Code's (1974, 1978 Cum. Supp.) Courts Article by which it has made

Special Appeals dismissed the appeal to it as interlocutory because the court in banc, after reversing the circuit court's decision, remanded the case for further action on the respondent's petition for modification, such a ruling by the Court of Special Appeals would be in error. In holding that a nonmoving party's appeal from the decision of a court in banc to grant a new trial would be timely only if it were made immediately, rather than after the new trial was conducted, this Court in *Buck v. Folkers,* 269 Md. 185, 187-88, 304 A. 2d 826, 828 (1973), clearly indicated that the court in banc acts only as an appellate tribunal so that its decisions are not those of a reconsidering trial court but are reviewable as final appellate judgments.[5] Thus, we find no grounds for the dismissal by the Court of Special Appeals of the petitioner's appeal and will reverse that action.

Having determined that this appeal is properly before us, we nonetheless find that we do not reach the substantive issues decided by the court in banc because those questions were answered by that court even though it was without jurisdiction to do so, in that it had before it "no matter ... which [was] a final judgment so as to be the proper subject

clear its intent that, unless some specific legislative enactment provides otherwise, *see, e.g.,* Md. Code (1974 & 1978 Cum. Supp.), §§ 12-305, -403 of the Courts Article (appeal from final judgment in the District Court of Maryland is to the circuit court with further review only upon grant of writ of certiorari by the Court of Appeals), the Court of Appeals should no longer consider initially any appeal that is granted as of right, but that such appeals should be taken first to the Court of Special Appeals, and then, upon writ of certiorari being granted, to this Court. There being no statutory provision relating to section 22's grant of an appeal of right to the nonmoving party who loses before a court in banc, such an appeal would necessarily have to conform to the normal appellate procedure established by the legislature and thus be taken to the Court of Special Appeals, with this Court exercising jurisdiction only upon the issuance of a writ of certiorari.

5. In Dobson v. Mulcare, 26 Md. App. 699, 704-05, 338 A. 2d 898, 901-02, *cert. denied,* 276 Md. 741 (1975), the Court of Special Appeals indicated that our decision in Buck v. Folkers, 269 Md. 185, 304 A. 2d 826 (1973), had established an exception to the general rule that orders granting a new trial are not appealable. This interpretation of the holding of *Buck* is erroneous, however, for while it is true that an order granting a new trial is not generally appealable, *e.g.,* A. S. Abell Co. v. Skeen, 265 Md. 53, 59-60, 288 A. 2d 596, 599 (1972); Carlile v. Two Guys, 264 Md. 475, 477, 287 A. 2d 31, 33 (1972), this applies only to such orders when they are issued by a trial court and not to the ordering of a new trial following review by an appellate court. As in *Buck,* the court in banc here was an appellate court for this case.

of an appeal." [6] *Smith v. Taylor,* 285 Md. 143, 147, 400 A. 2d 1130, 1133 (1979). In illustrating our reasons for this conclusion, we begin with the proposition that, as we have just indicated, the court in banc is a tribunal exercising appellate jurisdiction. It being established that the jurisdiction of the appellate courts of this State "is at this time delimited by statute," *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 90, 394 A. 2d 801, 803 (1978); *accord, e.g., Smith v. Taylor, supra,* 285 Md. at 146, 400 A. 2d at 1132; *Jolley v. State,* 282 Md. 353, 355, 384 A. 2d 91, 93 (1978); *Warren v. State,* 281 Md. 179, 182, 377 A. 2d 1169, 1171 (1977), we look to the pertinent enactment to determine the scope of the court in banc's basic authority to act. The applicable statute is section 12-301 of the Maryland Code's (1974) Courts Article which provides that an appeal shall be "from a final judgment." [7] As to whether a given order or other court action constitutes a final judgment, we have held that this is a determination that ultimately can be made only by this Court. *Smith v. Taylor, supra,* 285 Md. at 146, 400 A. 2d at 1133; *Peat & Co. v. Los Angeles Rams, supra,* 284 Md. at 91, 394 A. 2d at 804; *Warren v. State, supra,* 281 Md. at 183, 377 A. 2d at 1171.

In acting to define, at least in part, the term "final judgment," this Court has adopted Maryland Rule 605 a which provides:

a. *When entered — As to Part or All.*

Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the

---

6. Neither of the parties to this appeal has raised the question of the finality of the circuit court's order, but that does not preclude us from doing so sua sponte. *E.g.,* Biro v. Schombert, 285 Md. 290, 293, 402 A. 2d 71, 73 (1979); Smith v. Taylor, 285 Md. 143, 147, 400 A. 2d 1130, 1133 (1979).

7. In pertinent part section 12-301 provides:

[A] party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. [Md. Code (1974), § 12-301 of the Courts Article.]

court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

As is obvious from a reading of this rule, which is applicable in both law and equity actions, *Parish v. Milk Producers Assn.,* 250 Md. 24, 97, 242 A. 2d 512, 553 (1968), the entry of an order purporting to determine a claim or claims will not be deemed a final, appealable judgment if there remains to be decided other claims, counterclaims, cross-claims, or third-party claims unless the court makes "an express determination that there is no just reason for delay" and specifically directs that a judgment be entered as to the order adjudicating the claim or claims. In this instance, since there was both an undecided claim—respondent's motion for modification of the custody decree as it relates to the eldest son—and a pending cross-claim—the father's cross-petition for child support from his ex-wife—and the chancellor did not enter either a specific determination that there should be no delay or an express judgment pursuant to Rule 605 a, the determination of the court in banc reversing the circuit court's order striking respondent's multiple claims concerning the custody of the three youngest children was premature and must be reversed.[8] *See, e.g., Brooks v. Ford*

---

8. In so stating, we do not find there to be any conflict between this requiremen t of finality before appeal and section 22's declaration that "it shall be cot petent to the party, against whom the ruling or decision is made, upon motion, to have the point, or question reserved for the consideration of the three Judges of the Circuit, . . . and the motion for such reservation shall be entered of record, during the sitting, at which such decision may be made." Md. Const., Art. IV, § 22. A reservation of points, being tantamount to registering an objection coupled with a declaration that the objector, at the appropriate time, intends to seek review of the trial court's ruling, simply saves the point or points in question for determination by the court in banc when a final, appealable judgment has been entered and does not act to bring

*Motor Credit Co.,* 261 Md. 278, 282, 274 A. 2d 345, 347 (1971); *Picking v. State Finance Co.,* 257 Md. 554, 557, 263 A. 2d 572, 573-74 (1970); *Harlow v. Blocher,* 257 Md. 1, 3-4, 262 A. 2d 58, 60 (1970). We would add, however, that, as this case will again be before him on remand, the chancellor may wish to reconsider his earlier rulings in light of the opinion filed by the court in banc.

> *Order of the Court of Special Appeals dismissing appeal reversed and case remanded to that court with directions to remand the case to the Circuit Court for Prince George's County for further proceedings consistent with this opinion.*
> *Costs to be paid by the respondent.*

the case to a halt until those issues are decided by a court in banc, unless, of course, an earlier appeal is allowed on some other recognized basis, such as the "collateral order doctrine" or as an interlocutory order appealable under Md. Code (1974, 1978 Cum. Supp.), § 12-303 of the Courts Article. Further, we note that our determination in this case does not in any way conflict with this Court's holding in Medical Examiners v. Steward, 207 Md. 108, 111-12, 113 A. 2d 426, 427 (1955), that a court in banc has "the power to decide the question of its own jurisdiction" and that its decision on such a matter is not subject to review. This principle governs all appeals to a court in banc and precludes the moving party, as it did in *Steward,* from further challenging that tribunal's determination as to its own jurisdiction; however, when, as here, an appeal of the court in banc's decision is taken by the nonmoving party, as section 22 allows, *see* p. 420 *supra,* that court's determination becomes subject to review by the Court of Special Appeals or this Court upon any ground that we, as appellate courts, are permitted to consider in any other appeal. *See* Costigin v. Bond, 65 Md. 122, 124, 3 A. 285, 285 (1886) (on appeal by nonmoving party, Court held court in banc without jurisdiction to hear case because points not properly reserved for review).