531 A.2d 291

**Denise Elaine WALBERT**

v.

**Clyde Louis WALBERT.**

**No. 38 Sept. Term, 1987.**

Court of Appeals of Maryland.

Oct. 5, 1987.

Murray A. Zitver (Joseph F. Gaffigan, Theodore L. Mast, Bill L. Yoho and Hoyert & Yoho, on the brief), Lanham, for appellant.

Bruce A. Kaufman (Rosenthal & Kaufman, P.A., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and ADKINS, JJ., and RICHARD P. GILBERT, Chief Judge Court of Special Appeals, Specially Assigned.

ELDRIDGE, Judge.

On December 10, 1984, a judgment of absolute divorce was entered in the Circuit Court for Prince George's County, granting Clyde Louis Walbert a divorce a vinculo matrimonii from Denise Elaine Walbert. Ten months later, on October 8, 1985, Denise Walbert commenced the present proceedings by filing in the Circuit Court for Prince George's County a "Motion To Set Aside Judgment Of Absolute Divorce." While not clear from the motion itself, the movant apparently sought to have the divorce re-opened for purposes of alimony and marital property distribution.

At the conclusion of a hearing on December 19, 1985, the circuit court rendered an oral opinion denying the motion. Later on December 19th, an entry on the docket referred to the motion to set aside the judgment and stated: "Motion denied." On January 7, 1986, the circuit judge signed an "ORDER" reciting that the "Motion to Set Aside Judgment of Absolute Divorce be and it is hereby Denied." A docket entry of January 8, 1986, reflecting this order, again stated that the motion is "denied."

The next event was on January 31, 1986, when Denise Walbert filed a "Notice for In Banc Review." The notice stated that, pursuant to Maryland Rule 2–551, the appellant sought review by a court in banc of the order denying the motion to set aside the judgment of absolute divorce.[1] A

---

1. At the time the notice was filed in this case, Rule 2–551(a) provided as follows:

"(a) **Generally.**—When review by a court in banc is permitted by the Maryland Constitution, a party may have a judgment or determination of any point or question reviewed by a court in banc by

court in banc, under Art. IV, § 22 of the Maryland Constitution, was convened and heard the matter. By orders filed July 9 and July 28, 1986, the court in banc "affirmed in part and reversed in part" the "Order dated January 7, 1986," with directions that the judgment of absolute divorce be re-opened only for determination of marital property and alimony issues.

On October 1, 1986, Clyde Walbert moved in the circuit court to dismiss on the ground "that there is, in this case, no longer subject matter jurisdiction in this Court over this action." Clyde Walbert's argument was that, under Art. IV, § 22, of the Maryland Constitution,[2] as construed by

---

filing a notice for in banc review within the time prescribed by Rule 1012 for the filing of an appeal. Issues are reserved for in banc review by making an objection in the manner set forth in Rules 2–517 and 2–520. Upon the filing of the notice, the Circuit Administrative Judge shall designate three judges of the circuit, other than the judge who tried the action, to sit in banc."

Effective July 1, 1986, this provision was amended and restructured to read as follows:

"**(a) Generally.**—When review by a court in banc is permitted by the Maryland Constitution, a party may have a judgment or determination of any point or question reviewed by a court in banc by filing a notice for in banc review. Issues are reserved for in banc review by making an objection in the manner set forth in Rules 2–517 and 2–520. Upon the filing of the notice, the Circuit Administrative Judge shall designate three judges of the circuit, other than the judge who tried the action, to sit in banc.

"**(b) Time for Filing.**—Except as otherwise provided in this section, the notice for in banc review shall be filed within ten days after entry of judgment. When a timely motion is filed pursuant to Rule 2–532, 2–533, or 2–534, the notice for in banc review shall be filed within ten days after entry of an order denying a motion pursuant to Rule 2–533 or disposing of a motion pursuant to Rule 2–532 or 2–534. A notice for in banc review filed before the disposition of any of these motions that was timely filed shall have no effect, and a new notice for in banc review must be filed within the time specified in that section."

2. Art. IV, § 22, states:

"**Section 22. Reservation of points or questions for consideration by court in banc.**

Where any Term is held, or trial conducted by less than the whole number of said Circuit Judges, upon the decision or determination of any point, or question, by the Court, it shall be competent to the party, against whom the ruling or decision is made, upon motion, to

this Court,[3] Denise Walbert was required to have filed her notice for in banc review on the same day that the circuit court denied the motion to set aside the judgment of absolute divorce.[4]  According to Mr. Walbert, the notice for in banc review, filed on January 31, 1986, was filed too late and thus did not confer subject matter jurisdiction upon the court in banc.  Consequently, the argument continued, the mandate of the court in banc was a nullity, and the order entered on January 8, 1986, had finally disposed of the case.  It was contended that Rule 2–551(a), which then provided that a party, if otherwise entitled, could secure in banc review "by filing a notice for in banc review within the time prescribed by Rule 1012 for the filing of an appeal," was

---

have the point, or question reserved for the consideration of the three Judges of the Circuit, who shall constitute a court in banc for such purpose;  and the motion for such reservation shall be entered of record, during the sitting, at which such decision may be made;  and the several Circuit Courts shall regulate, by rules, the mode and manner of presenting such points, or questions to the Court in banc, and the decision of the said Court in banc shall be the effective decision in the premises, and conclusive, as against the party, at whose motion said points, or questions were reserved;  but such decision in banc shall not preclude the right of Appeal, or writ of error to the adverse party, in those cases, civil or criminal, in which appeal, or writ of error to the Court of Appeals may be allowed by Law.  The right of having questions reserved shall not, however, apply to trials of Appeals from judgments of the District Court, nor to criminal cases below the grade of felony, except when the punishment is confinement in the Penitentiary;  and this Section shall be subject to such provisions as may hereafter be made by Law."

**3.**  Mr. Walbert's counsel relied on *Washabaugh v. Washabaugh,* 285 Md. 393, 398–399, 404 A.2d 1027 (1979).  *See Costigin v. Bond,* 65 Md. 122, 124, 3 A. 285 (1886), taking the position that the word "sitting" in Art. IV, § 22, means "the whole time until the Court adjourned for the day."

**4.**  At the hearing in the circuit court, Clyde Walbert's counsel argued that the notice for in banc review should have been filed either on January 7, 1986, when the circuit judge signed a written order denying the motion to set aside the judgment, or on January 8, 1986, when the written order was reflected in a docket entry.  In his brief in this Court, Mr. Walbert's counsel suggests that the notice of in banc review should have been filed on December 19, 1985, when the motion to set aside the judgment was orally denied.

invalid because it conflicted with Art. IV, § 22, of the Maryland Constitution.

The circuit court agreed with Clyde Walbert's argument, held that Rule 2–551(a) was unconstitutional, and dismissed the case. Denise Walbert took an appeal to the Court of Special Appeals. In light of the circuit court's holding of unconstitutionality, we issued a writ of certiorari before the case was heard by the Court of Special Appeals.

The constitutional question decided by the circuit court, and debated by the parties before this Court, is obviously important for future cases where circuit court in banc review may be sought. Nevertheless, we shall not be able to reach that question in this case. The notice for in banc review filed by Denise Walbert on January 31, 1986, was untimely under the terms of Rule 2–551(a) as it then read. Consequently, regardless of whether the circuit court's constitutional holding was correct or not, the notice was filed too late for the in banc court to have properly exercised jurisdiction over the circuit court's order denying the motion to set aside the judgment.

The circuit court's order on December 19, 1985, denying Denise Walbert's motion to set aside the prior judgment, was clearly a final appealable order under our cases and Rule 2–601. The December 19th order put Denise Walbert out of court, denying her the means of further prosecuting the case at the trial level. The ruling of the circuit court was unqualified; nothing in the December 19th order suggested any contemplation that a further order be signed or that anything more be done. The order was entered on the docket as required by Rule 2–601. Consequently, the entry by the clerk on December 19, 1985, stating that the motion to set aside the judgment is denied, constituted the entry of a final appealable judgment. *See Houghton v. County Com'rs of Kent Co.*, 307 Md. 216, 221–224, 513 A.2d 291 (1986), and cases there cited.

Rule 2–551(a), prior to an amendment effective July 1, 1986, required that a party desiring in banc review file a

notice for such review "within the time prescribed by Rule 1012 for the filing of an appeal." Rule 1012 prescribed a period of thirty days from the judgment appealed from for filing an appeal. Therefore, Denise Walbert had a thirty-day period from December 19, 1985, within which to file a notice for in banc review. Since the thirtieth day, January 18, 1986, was Saturday, she actually had until January 20, 1986, to file her notice.[5] The notice, however, was not filed until January 31, 1986.

We have repeatedly stated that the timeliness of an order of appeal is "jurisdictional," and that if an appeal is not filed within the prescribed time, "the appellate court acquires no jurisdiction and the appeal must be dismissed." *Houghton v. County Comm'rs of Kent Co.*, 305 Md. 407, 413, 504 A.2d 1145 (1986), and cases there cited. *See also State Highway Admin. v. Kee*, 309 Md. 523, 528 n. 2, 525 A.2d 637 (1987) ("Appealability is jurisdictional"). Whether this means that the order of an appellate court, where the appellate court incorrectly or inadvertently assumes jurisdiction over an untimely appeal and decides the merits, is void and is to be treated as a nullity for all purposes, is a matter which we need not explore in the present case. It is sufficient to point out that when a case reaches this Court, we will notice *sua sponte* the untimeliness of an earlier order of appeal in the same case, regardless of whether the issue had been raised by a party or considered by the trial court or by an intermediate appellate court. *See generally, e.g., State Highway Admin. v. Kee, supra,* 309 Md. at 528, 525 A.2d 637; *Blucher v. Ekstrom,* 309 Md. 458, 524 A.2d 1235 (1987); *Yarema v. Exxon Corp.,* 305 Md. 219, 231, 503 A.2d 239 (1986); *Snowden v. Baltimore Gas & Electric,* 300 Md. 555, 560, 479 A.2d 1329 (1984); *Highfield Water Co. v. Wash. Co. San.,* 295 Md. 410, 414, 456 A.2d 371 (1983); *King v. State Roads Comm'n,* 294 Md. 236, 240–241, 449 A.2d 390 (1982).

---

5. *See* Rule 1–203(a)(1).

Moreover, we need not consider whether the assumption of appellate jurisdiction by the court in banc and the mandate of the court in banc should have precluded, under the law of the case doctrine, the ruling of the trial judge on the motion to dismiss.[6] Whatever may be the answer to that question, it is clear that, when the case ultimately reaches this Court, we are not bound by the assumption of jurisdiction or the decision of an intermediate appellate Court on an earlier appeal in the same case. *Houghton v. County Comm'rs of Kent Co., supra,* 305 Md. at 413–414, 504 A.2d 1145; *Loveday v. State,* 296 Md. 226, 229–234, 462 A.2d 58 (1983).

In sum, the December 19, 1985, order was the final trial court judgment in this case. As no timely appeal or notice for in banc review was filed in accordance with the Maryland Rules, the December 19, 1985, order remains as the final judgment disposing of this case. Because none of the orders subsequent to the December 19th order and prior to the order of appeal on December 22, 1986, should have been entered,[7] we shall vacate them, leaving intact as the final judgment the December 19th order.

ORDER OF THE CIRCUIT COURT DISMISSING THE CASE, AND ALL OTHER ORDERS AFTER DECEMBER 19, 1985, AND BEFORE DECEMBER 22, 1986, VACATED. COSTS TO BE EQUALLY DIVIDED.

---

6. Ordinarily, of course, when a case is remanded to a trial court, the trial judge is bound by the mandate of the appellate court. *Balducci v. Eberly,* 304 Md. 664, 674 n. 12, 500 A.2d 1042 (1985).

7. The docket entries disclose no appropriate post judgment orders entered after December 19, 1985, and before December 22, 1986. Instead the orders during this period all appear to be inconsistent with the finality of the judgment entered on December 19, 1985.