578 A.2d 211

**Bernard DABROWSKI**

v.

**Angeline DONDALSKI et vir.**

**No. 20, Sept. Term, 1989.**

Court of Appeals of Maryland.

Aug. 30, 1990.

George M. Church (Church & Houff, P.A., both on brief), Baltimore, for petitioner.

Alexander R. Martick, Baltimore, for respondents.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and ADKINS, JJ., and BLACKWELL,* J. (retired).

PER CURIAM.

Angeline Dondalski and her husband brought this action for money damages in the Circuit Court for Baltimore City against Bernard Dabrowski, trading as "Dabrowski & Son Funeral Home." The plaintiffs claimed that Mrs. Dondalski, upon leaving the funeral home and descending the outside steps, after paying her respects to a deceased friend, fell on the steps and was injured. It was asserted that the fall was due to the "slippery, hazardous, dangerous and defective design and condition of the steps."

The case was tried before Circuit Judge Mary Arabian and a jury on October 27 and 28, 1986. At the conclusion of all of the evidence on October 28th, Judge Arabian granted the defendant's motion for judgment. The plaintiffs filed a motion for a new trial on November 6, 1986, and it was denied on November 17, 1986. Twenty-nine days later, on December 16, 1986, the plaintiffs filed a request for review by a court in banc.

A court in banc, consisting of Judges Pines, Gordy and Noel, after receiving memoranda and hearing oral argu-

---

* Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

ment, filed an opinion and order on January 26, 1988. The court in banc mandated that the "decision of the trial court is hereby REVERSED and it is hereby ORDERED that the case be set in for a new trial." The defendant had not, either before Judge Arabian or before the in banc court, raised any issue concerning the timeliness under Maryland Rule 2–551(b) of the request for in banc review.

The defendant on February 24, 1988, filed a notice of appeal to the Court of Special Appeals. The Court of Special Appeals, on its own motion, dismissed the appeal on the ground that the January 26, 1988, order by the court in banc was not a final appealable judgment. *Dabrowski v. Dondalski*, 77 Md.App. 747, 551 A.2d 933 (1989). The Court of Special Appeals relied on a decision dismissing an appeal from the grant of a new trial by a single circuit judge, *Feinberg v. Geo. Wash. Cemetery*, 233 Md. 440, 197 A.2d 147 (1964). The intermediate appellate court also cited two cases involving appeals from final judgments, where this Court indicated that a single trial judge's denial of a motion for a new trial is reviewable on appeal only for abuse of discretion. *See Martin v. Rossignol*, 226 Md. 363, 366–367, 174 A.2d 149 (1961); *Brinand v. Denzik*, 226 Md. 287, 292–293, 173 A.2d 203 (1961).

The defendant filed in this Court a petition for a writ of certiorari, raising essentially three questions: (1) whether the Court of Special Appeals erred in holding that the decision of the in banc court was not a final judgment; (2) whether the plaintiffs' failure to file the notice of in banc review within ten days after Judge Arabian denied the motion for new trial, as required by Rule 2–551(b), requires that this Court vacate the decisions of the Court of Special Appeals and of the in banc court; (3) whether Rule 2–551(b), permitting a request for in banc review to be filed within ten days after the trial court's judgment, instead of requiring that it be filed on the same day as the trial court's ruling, is unconstitutional in light of Art. IV, § 22, of the Maryland Constitution and *Costigin v. Bond*, 65 Md. 122, 3 A. 285 (1886). *See Montgomery County v. McNeece*, 311

Md. 194, 533 A.2d 671 (1987).[1] The defendant obviously urged an affirmative answer with regard to all three questions.

This Court granted the petition, 316 Md. 107, 557 A.2d 255, and our order encompassed all three questions presented. Nonetheless, as we agree with the defendant's position concerning the first two questions, we shall not reach the constitutional issue.

■ It is clear that the decision of the court in banc was a final order appealable to the Court of Special Appeals under Maryland Code (1974, 1989 Repl.Vol.), § 12–301 of the Courts and Judicial Proceedings Article and Art. IV, § 22, of the Maryland Constitution. Our decision in *Estep v. Estep*, 285 Md. 416, 420–421, 404 A.2d 1040 (1979), is dispositive. In *Estep*, as in the present case, an appeal was taken from a circuit court decision to a court in banc; the court in banc reversed and ordered further proceedings in the circuit court; the appellee before the court in banc took an appeal to the Court of Special Appeals, and the Court of Special Appeals dismissed the appeal. Reversing the Court of Special Appeals, this Court, in an opinion by Judge J. Dudley Digges, stated (285 Md. at 420–421, 404 A.2d at 1042–1043):

"In addressing the initial issue of the propriety of the Court of Special Appeals' dismissal of petitioner's request for review, we find that we are at somewhat of a loss because that court failed to further explain the reason for its decision, other than to say the appeal was 'not allowed by law.'

\*      \*      \*      \*      \*      \*

---

1. The same constitutional issue was raised in the *McNeece* case. This Court's judgment in that case, affirming the Court of Special Appeals' dismissal of an appeal from an in banc court, was not based upon a resolution of the constitutional issue. Nevertheless, four of the judges sitting in *McNeece* expressed the view that the ten-day provision of Rule 2–551(b) was constitutional, and three of the judges expressed the view that it was unconstitutional.

"If, as petitioner has suggested, the Court of Special Appeals dismissed the appeal to it as interlocutory because the court in banc, after reversing the circuit court's decision, remanded the case for further action on the respondent's petition for modification, such a ruling by the Court of Special Appeals would be in error. In holding that a non-moving party's appeal from the decision of a court in banc to grant a new trial would be timely only if it were made immediately, rather than after the new trial was conducted, this Court in *Buck v. Folkers,* 269 Md. 185, 187–88, 304 A.2d 826, 828 (1973), clearly indicated that the court in banc acts only as an appellate tribunal so that its decisions are not those of a reconsidering trial court but are reviewable as final appellate judgments. Thus, we find no grounds for the dismissal by the Court of Special Appeals of the petitioner's appeal and will reverse that action."

Judge Digges for the Court went on to note as follows (285 Md. at 421 n. 5, 404 A.2d at 1043 n. 3):

"In *Dobson v. Mulcare,* 26 Md.App. 699, 704–05, 338 A.2d 898, 901–02, *cert. denied,* 276 Md. 741 (1975), the Court of Special Appeals indicated that our decision in *Buck v. Folkers,* 269 Md. 185, 304 A.2d 826 (1973), had established an exception to the general rule that orders granting a new trial are not appealable. This interpretation of the holding of *Buck* is erroneous, however, for while it is true that an order granting a new trial is not generally appealable, *e.g., A.S. Abell Co. v. Skeen,* 265 Md. 53, 59–60, 288 A.2d 596, 599 (1972); *Carlile v. Two Guys,* 264 Md. 475, 477, 287 A.2d 31, 33 (1972), this applies only to such orders when they are issued by a trial court and not to the ordering of a new trial following review by an appellate court. As in *Buck,* the court in banc here was an appellate court for this case."

Consequently, in the present case, the Court of Special Appeals erred in dismissing the appeal for lack of a final appealable judgment.

█ Rule 2–551(b), effective July 1, 1986, requires that the notice for in banc review be filed within ten days after entry of judgment or, when a timely motion is filed pursuant to Rules 2–532, 2–533, or 2–534, within ten days of an order disposing of the motion.[2] Therefore the plaintiffs' request for in banc review should have been filed within ten days of November 17, 1986. Instead, it was filed twenty-nine days after November 17, 1986. Under these circumstances, it was error for the in banc court to have exercised jurisdiction over the appeal. Judge Arabian's order of November 17, 1986, not having been appealed in a timely manner, terminated this case. The in banc court should have dismissed the appeal.

A situation very similar to that in the instant case was presented in *Walbert v. Walbert*, 310 Md. 657, 531 A.2d 291 (1987), where an in banc court also entertained an appeal which had been noticed beyond the ten-day period set forth in Rule 2–551(b). In *Walbert*, as in this case, neither party brought to the in banc court's attention the untimeliness of the appeal. In ordering that the decision of the in banc court be vacated, we said (310 Md. at 662, 531 A.2d at 293):

---

**2.** Rule 2–551 provides in pertinent part as follows:

"(a) **Generally.**—When a review by a court in banc is permitted by the Maryland Constitution, a party may have a judgment or determination of any point or question reviewed by a court in banc by filing a notice for in banc review. Issues are reserved for in banc review by making an objection in the manner set forth in Rules 2–517 and 2–520. Upon the filing of the notice, the Circuit Administration Judge shall designate three judges of the circuit, other than the judge who tried the action, to sit in banc.

(b) **Time for Filing.**—Except as otherwise provided in this section, the notice for in banc review shall be filed within ten days after entry of judgment. When a timely motion is filed pursuant to Rule 2–532, 2–533, or 2–534, the notice for in banc review shall be filed within ten days after entry of an order denying a motion pursuant to Rule 2–533 or disposing of a motion pursuant to Rule 2–532 or 2–534. A notice for in banc review filed before the disposition of any of these motions that was timely filed shall have no effect, and a new notice for in banc review must be filed within the time specified in this section."

"We have repeatedly stated that the timeliness of an order of appeal is 'jurisdictional,' and that if an appeal is not filed within the prescribed time, 'the appellate court acquires no jurisdiction and the appeal must be dismissed.' *Houghton v. County Comm'rs of Kent Co.*, 305 Md. 407, 413, 504 A.2d 1145 (1986), and cases there cited. *See also State Highway Admin. v. Kee*, 309 Md. 523, 528 n. 2, 525 A.2d 637 (1987) ('Appealability is jurisdictional'). Whether this means that the order of an appellate court, where the appellate court incorrectly or inadvertently assumes jurisdiction over an untimely appeal and decides the merits, is void and is to be treated as a nullity for all purposes, is a matter which we need not explore in the present case. It is sufficient to point out that when a case reaches this Court, we will notice *sua sponte* the untimeliness of an earlier order of appeal in the same case, regardless of whether the issue had been raised by a party or considered by the trial court or by an intermediate appellate court. *See generally, e.g., State Highway Admin. v. Kee, supra*, 309 Md. at 528, 525 A.2d 637; *Blucher v. Elstrom*, 309 Md. 458, 524 A.2d 1235 (1987); *Yarema v. Exxon Corp.*, 305 Md. 219, 231, 503 A.2d 239 (1986); *Snowden v. Baltimore Gas & Electric*, 300 Md. 555, 560, 479 A.2d 1329 (1984); *Highfield Water Co. v. Wash. Co. San.*, 295 Md. 410, 414, 456 A.2d 371 (1983); *King v. State Roads Comm'n*, 294 Md. 236, 240–241, 449 A.2d 390 (1982)."

As in *Walbert*, we shall direct that the order of the in banc court be vacated, leaving intact as the final judgment Judge Arabian's order of November 17, 1986.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO VACATE THE JANUARY 26, 1988, ORDER OF THE IN BANC COURT, AND TO REMAND THE CASE TO THE IN BANC COURT WITH DIRECTIONS THAT THE IN BANC COURT DISMISS THE APPEAL. RESPONDENTS TO PAY COSTS IN

THIS COURT AND IN THE COURT OF SPECIAL APPEALS.