## JEREMIAH L. SHUEEY *vs.* WILLIAM STONER.

### APPEALS.

*Appeals from county commissioners—Petitions—Power of amendment—Act of 1876, ch. 193—Constitution, Art. 4, sec. 22—Courts in banc as Courts of final resort.*

The decision of a Circuit Court *in banc* is effective and conclusive, as against the party at whose instance questions are reserved for the Court *in banc*.

The decision of the Court *in banc* upon the questions before it, and as regards the party taking the appeal, concludes the questions as effectually as any decision of the Court of Appeals could do.

The power of amendment is very comprehensive, but it should not be construed to extend to allowing the original petition to be amended in those particulars upon which the original jurisdiction of the county commissioners depends, after the case has been removed into the Circuit Court by appeal.

This would be making a new case on appeal, and converting an appellate Court into one of original jurisdiction.

Such latitude of amendment was not contemplated by the Act of 1876, ch. 193.

APPEAL from the Circuit Court for Carroll County, in Equity.

A petition was filed by the appellee praying the County Commissioners of Carroll County, to appoint a commission to open for the appellee a road over and through the land of the appellant. The commission reported favorable to the appellee, but before the ratification of the report by the County Commissioners, objections thereto were filed by the appellant, chiefly upon the ground that the petition did not make the averments necessary in such cases to give the County Commissioners jurisdiction.

The objections were overruled and the report ratified. The appellant appealed to the Circuit Court for the County.

The appellee prayed leave of the Court to amend his petition, so as to insert the jurisdictional allegations. This was resisted by the appellant, but the Court granted leave to amend the petition. The case was then tried before the Court, and the order of the County Commissioners affirmed.

The appellant then moved in arrest of judgment and to vacate and strike out the order of affirmance, assigning reasons therefor; among others, the want of power or jurisdiction in the Circuit Court to allow the petition to be amended.

These motions were overruled and the questions thus raised were reserved for the decision of the Court, *in banc.* That Court, upon the hearing of the case, affirmed the rulings and judgment of the Circuit Court, Judge MILLER, dissenting.

Whereupon a bill for an injunction was filed, to restrain the enforcement of the judgment thus rendered, alleging as cause therefor the want of power or jurisdiction in the Circuit Court to allow the original petition to be amended. Upon the hearing, the bill was refused. From the decision of the Court refusing the injunction this appeal is taken.

The cause was argued before BARTOL, C. J., BRENT, ALVEY and STEWART, J.

*Wm. P. Maulsby* and *J. A. C. Bond*, for the appellant.

*Wm. M. Merrick*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The bill in this case prays an injunction to restrain the enforcement of a judgment rendered by the Circuit Court for Carroll County, on an appeal from an order of the County Commissioners authorizing the opening of a private road across the land of appellant. The injunction was refused, and the only question sought to be presented on this appeal is, whether it was competent for the Circuit Court, to which the appeal from the Commissioners was taken, to allow the original petition for the opening of the road, to be amended in that Court, under the Act of 1876, ch. 193.

The present appellant resisted the application for leave to amend the petition, and when the amended petition was filed, he demurred to it; and after the demurrer was overruled, the case, by agreement, was tried before the Court without the aid of a jury. And upon the judgment of the Court being announced, the present appellant moved in arrest of judgment, and that the order of affirmance be stricken out and vacated, and assigned several reasons therefor; among others the want of power or jurisdiction in the Circuit Court to allow the original petition to be amended. The motion was overruled and thereupon the questions there raised were reserved at the instance of the present appellant, for review by the Court *in banc.* That Court, upon hearing and review of the case, affirmed the rulings and judgment of the Circuit Court; and the application for an injunction to restrain the judgment of affirmance, presents the question as to the effect of that

judgment, under the 22*nd section, Art.* 4 of the Constitution of the State.    The section referred to provides that "the decision of the said Circuit Court *in banc shall be the effective decision in the premises, and conclusive* as against the party at whose motion said points or questions were reserved."

The question controverted in this case, being one of jurisdiction, the party thinking himself aggrieved by the decision of it by the Circuit Court, had the right and election to take an appeal either to this Court, or to the Court *in banc,* as a Court of last resort; but to whichever Court he might elect to take his appeal, the decision of that Court would be final and conclusive on the questions presented.    The decision of the Court *in banc* upon the particular questions before it, and as regards the party taking the appeal, concluded the question as effectually as any decision of this Court could do.    If the appeal had been taken to this Court, instead of the Court *in banc,* and the review of the judgment appealed from had resulted in an affirmance, we suppose it would hardly be contended that an injunction should issue to restrain the judgment, upon the ground that it was void for want of jurisdiction. The party elected to take his appeal to the Court *in banc,* and we think the question of jurisdiction was conclusively decided by that Court, and consequently there is no ground for the injunction, though it should be conceded that there was error in the decision.

In regard to the power of amendment in such cases under the Act of 1876, we must say, if the question were before us, our decision would be different from that given by the Circuit Court and the Court *in banc.*    The power of amendment is very comprehensive, but we do not think it should be construed to extend to allowing the original petition to be amended in those particulars upon which the original jurisdiction of the County Commissioners depended.

This would be making a new case on appeal, and converting the appellate Court into one of original jurisdiction over the subject-matter;—a consequence of such latitude of amendment, which we do not suppose to have been designed by the Legislature, nor within the proper construction of the Act of 1876. But this question is not before us on this appeal.

We think the injunction was properly refused, and the order must be *affirmed.*

*Order affirmed.*

(Decided June 19th, 1877.)