## HILDA W. MERRITTS *v.* JACK R. MERRITTS

[No. 1464, September Term, 1982.]

*Decided June 15, 1983.*

The cause was argued before Lowe and Alpert, JJ., and Frederick A. Thayer III, Associate Judge of the Fourth Judicial Circuit, specially assigned.

*Henry F. Leonnig* for appellant.

*George F. Paxton* for appellee.

Lowe, J., delivered the opinion of the Court.

This case is a striking example of the need to enforce rigidly the rule that, subject to Md. Cts. & Jud. Proc. Code Ann. §§ 12-302 and 12-303, et al., appeals may be taken only

from final judgments. *Eastgate Associates v. Apper,* 276 Md. 698 (1976). On February 4, 1981, the Circuit Court for Prince George's County entered what it captioned as a "Final Decree of Divorce A Vinculo Matrimonii" divorcing appellant, providing for alimony and declaring as marital property the marital home, a lot in St. Mary's County, a house in Washington, D.C., and a civil service pension, in addition to an attorney's fee award of $3,000 to the wife's attorney. The decree then declared that the court would "retain jurisdiction of this matter for a reasonable time for the purpose of entering further orders pursuant to the oral opinion of this Court rendered on November 26, 1980." Appellant (wife) appealed in banc, *i.e.,* to the three judge panel of that court pursuant to Md. Const. Art. IV, § 22. The appeal resulted in an affirmance on most of what appear to have been the ten issues reserved as error but, according to the brief, did provide the wife some relief in modifying an alimony provision.

Based upon that remand, and upon its own reservation concerning the details of effecting the distribution of marital property, on November 23, 1981, the trial court issued an order directing sale in lieu of partition of the marital home and of the St. Mary's County lot, ordering the equal division of proceeds. The court also ordered a monetary "award and a judgment" against appellant of $62,000 less one-half of the amount due under an existing lien. The matter was referred to an auditor to determine that balance and the final figure of the monetary award. The order then provided alimony in the amount suggested by the in banc remand.

The auditor reported on March 1, 1982, to which report no exceptions were filed. On April 13, 1982, however, appellant moved to modify the original decree as concluded following the remand, because she had in the interim voluntarily sold the D.C. property (which was titled in her name) for a thousand dollars less than the appraised value and had incurred certain sales costs. She had also apparently elected to take back certain promissory notes as part of the purchase price and sought, therefore, to modify the decree by having

appellee absorb a portion of her loss and costs and further to restrain him from executing upon his monetary award judgment until the promissory notes came due. Appellee filed a motion ne recipiatur to the motion to modify.

In the meantime, within four months of the in banc appeal opinion, appellant moved "before the court *en banc*" that it award her counsel fees and costs arising out of the in banc appeal. Citing *Sewell v. Sewell*, 218 Md. 63, 73 (1958), for the principle that application for counsel fees for an appeal be made first to the trial court, the in banc court, on June 9, 1982, "remanded [the case] to the Chancellor for ruling on counsel fees and costs arising out of the En Banc appeal."

On June 15, 1982 the trial court entered an order granting appellee's motion ne recipiatur to appellant's motion to modify the decree; and, on June 24, 1982, the court denied the remanded petition for fees and costs incurred in the in banc appeal.

Appellant would now have us decide the propriety of those actions by the trial court, however, we find that we are divested of jurisdiction to entertain the appeal of either issue by this appellant.

The questions appellant asks are:

> "Did the lower court err in denying out of hand the Appellant's request for attorney's fees and transcript expenses in prosecuting the *en banc* appeal?"

and

> "Did the lower court err in granting the Motion Ne Recipiatur as to the Motion to Modify its order of November 23, 1981, thereby failing to hear and exercise its descretion [sic] with regard to the Motion to Modify?"

The "order of November 23, 1981" which appellant sought to modify, was itself a compliance with the modification ordered by the in banc court. From the order's preamble, however, it appears that the chancellor, upon request of the parties, used the opportunity of revising his original decree

conforming it to the in banc order, also to dispose of certain marital properties, and to set forth to the husband a monetary award ($62,000), less one-half of the principal and interest of a lien against an out-of-state property in the wife's name, that he had determined to be marital property. The determination of that precise balance was referred to the auditor.

Because of this reference appellant would have us hold that she was not foreclosed by Md. Rule 625 a from having the chancellor consider her motion to modify the modified decree. But we think she has come to the wrong forum, and, indeed, question our own right to consider the appeal.

Although the extract is wanting in regard to the details of the in banc appeal, the substance of appellant's attack there was the pecuniary and marital property disposition essentially decided by the chancellor. When appellant submits her grievances to the in banc court and that court assumes jurisdiction and acts, further appeal here on the same subject matter in the same proceeding is foreclosed to the party who moved to have the points or questions reserved for consideration of the court in banc. Md. Cts. & Jud. Proc. Code Ann. § 12-302 (d).

> "Section 12-301 does not permit an appeal from the decision of the judges of a circuit court sitting in banc pursuant to Article IV, § 22 of the Constitution, if the party seeking to appeal is the party who moved to have the point or question reserved for consideration of the court in banc."

Such was the rule judicially espoused prior to its statutory enactment in 1973, *Shueey v. Stoner,* 47 Md. 167 (1877), and such is it today. *Washabaugh v. Washabaugh,* 285 Md. 393, 399 (1979). The Constitution itself makes that principle abundantly clear as well. Md. Const. Art. IV, § 22.

Although we raised this jurisdictional question *nostra sponte,* appellant at argument cautioned us lest we too narrowly circumscribe further rights of one who embarks upon an in banc route of appeal. We respond that we need not

go beyond the facts of this case and hold only that when one invokes the procedure under Art. IV, § 22 of the Constitution, he is precluded from further appeal here as regards the subject matter then under consideration by the circuit court. The initial purpose of the in banc proceeding was to provide a "poor person's appeal" in response to the fear of framers of the Constitution that the distance to Annapolis and the concomitant delay and expense incident to prosecuting an ordinary appeal would discourage or preclude many litigants from seeking justice by means of appellate review. *Washabaugh v. Washabaugh, supra* at 396. But

> "[a]s to that party, a reservation of points or questions for consideration by the Court en banc is a *substitute* for an appeal to the Court of Appeals. *Costigin v. Bond,* 65 Md. 122, 3 A. 285 (1886)." *Buck v. Folkers,* 269 Md. 185, 187 (1973) (emphasis added); *State Roads Comm. v. Smith,* 224 Md. 537, 540 (1961).

Were this rule not engraved in stone, constitutionally, statutorily and by appellate opinion, the election of remedies rule — that where one has a right to appeal to either of two courts, by an appeal to one of them he irrevocably elects to pursue his remedy there and cannot thereafter appeal to the other — would certainly seem to obtain in this case. *State Roads Comm., supra* at 541; see also 18 Am. Jur., *Election of Remedies,* § 28.

For appellant to ask this Court whether she was entitled to have modified, a decree already modified by in banc order, and whether she was entitled to fees for that in banc appeal (the petition for which was addressed to the in banc court) changes the substitute appeal procedure to a duplicate appeal, and it indirectly authorizes as well piecemeal appeals which are proscribed by Md. Rule 605 a. We need hardly suggest that the question whether the chancellor's conduct complied with the remand of the in banc court regarding the petition to it for attorney's fees is not one we may address when brought by the petitioner.

Even if the in banc court was wrong we are proscribed from entertaining an appeal by the moving party in the in banc court, *Shueey, supra. Compare Medical Examiners v. Steward,* 207 Md. 108, 111 (1955), *see also Washabaugh v. Washabaugh,* 285 Md. at 401-402 with *Estep v. Estep,* 285 Md. 416, 423-424 (1979).

We will not presume to review the direct or indirect results of the in banc court's determination. Once its jurisdiction has been invoked (and assumed, see *State Roads Comm. v. Smith, supra),* no issue that comprised the subject matter that was determined or could have been raised for determination in the in banc court may subsequently be brought to us by the moving party there. That is the substitute price extracted for a "poor person's appeal". Whether the proscription applies to a subsequent peripheral proceeding not the subject matter of the in banc appeal is not before us. It is the subject matter of this appeal which we address and it is this appeal that we must dismiss.

*Appeal dismissed.*
*Costs to be paid by appellant.*