474 A.2d 894

**Hilda W. MERRITTS**

v.

**Jack R. MERRITTS.**

**No. 92, Sept. Term, 1983.**

Court of Appeals of Maryland.

May 9, 1984.

Henry F. Leonnig, Upper Marlboro, for appellant.

George F. Paxton, Bethesda (Lerch, Early, Roseman & Frankel, Chartered, Bethesda, on brief), for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ., and W. ALBERT MENCHINE, retired, Specially Assigned Judge.

COUCH, Judge.

In this case we granted certiorari to determine whether an in banc appeal, pursuant to Article IV, Section 22,[1] of the

---

1. Article IV, § 22, states:
   "Where any Term is held, or trial conducted by less than the whole number of said Circuit Judges, upon the decision or determination of any point, or question, by the Court, it shall be competent to the party, against whom the ruling or decision is made, upon motion, to have the point, or question reserved for the consideration of the three Judges of the Circuit, who shall constitute a court in banc for such purpose; and the motion for such reservation shall be entered of record, during the sitting, at which such decision may be made; and the several Circuit Courts shall regulate, by rules, the

Maryland Constitution, precludes, under the facts of this case, a subsequent appeal to the Court of Special Appeals by the original appellant. Specifically at issue here are subsequent appealable orders on points which, although related to matters decided by the in banc court, were not, and could not have been decided in the in banc appeal.

The Court of Special Appeals dismissed the appeal on the basis that the issues on appeal were part of the same subject matter submitted to the in banc court; it concluded that the issue whether the proscription against further appeals by the moving party in an in banc appeal also applies to a subsequent "peripheral proceeding not the subject matter of the in banc appeal," was not before it. *Merritts v. Merritts,* 55 Md.App. 200, 205, 461 A.2d 54, 57 (1983). Thus the real issue before us is whether the issues raised in the Court of Special Appeals were the subject of the in banc appeal, or could have been. In our view, the issues which appellant sought review of, while related to the matters reserved for review by the in banc court, were not, nor could they have been, reviewed and decided by that court. Accordingly, we hold that the Court of Special Appeals erred in dismissing the appeal. We explain.

The factual background, as gleaned from the record, and pertinent only to the issue before us, is as follows. Appellant, Hilda W. Merritts, and appellee, Jack R. Merritts, were divorced by a decree entered by the Circuit Court for Prince George's County on February 4, 1981. The chancellor,

---

mode and manner of presenting such points, or questions to the Court in banc, and the decision of the said Court in banc shall be the effective decision in the premises, and conclusive, as against the party, at whose motion said points, or questions were reserved; but such decision in banc shall not preclude the right of Appeal, or writ of error to the adverse party, in those cases, civil or criminal, in which appeal, or writ of error to the Court of Appeals may be allowed by Law. The right of having questions reserved shall not, however, apply to trials of Appeals from judgments of the District Court, nor to criminal cases below the grade of felony, except when the punishment is confinement in the Penitentiary; and this Section shall be subject to such provisions as may hereafter be made by Law."

**524**

*inter alia,* declared that three parcels of property, owned by either or both of the parties, were wholly or in part marital property. He placed a monetary valuation on each, and declared the interest of each party in each of the three properties. The chancellor also retained jurisdiction for a reasonable period of time. By the decree, appellant was awarded alimony, which was to be reduced after two years and terminated if and when appellee retired. Feeling aggrieved by the court order appellant reserved ten points for consideration by an in banc court upon her appeal.[2] Neither

2. The ten points reserved were:

"1) Was it an error for the Court to designate the property located at 509 A Street, S.E., in Washington, D.C., as Marital Property?

2) Was the Court in error in determining that the parties (a) each had equal ownership in the property in Washington, D.C., known as 509 A Street, S.E. and (b) that the Plaintiff and Counter-Defendant was not required to participate in the mortgage payments on said premises.

3) Was the Court in error in finding from the evidence presented that two-thirds of the value of the St. Mary's property was not Marital Property.

4) Was it an error for the Court to fail to make a finding as to present value of the civil service annuity based upon the testimony of an expert when there is no testimony to controvert such testimony because the Court did not agree with the expert's finding and because the Court did not think the expert witness went about it the right way?

5) Was it an error for the Court not to grant a monetary award to the Defendant and Counter-Plaintiff based upon the amount of entitlement she would have in the civil service annuity and a judgment based upon that amount pending the date the Plaintiff and Counter-Defendant retires?

6) Was it error for the Court to (a) award no more than $650 per month alimony and (b) reduce the alimony payment after two years to $450 per month with no evidence that she would need less alimony in two years.

7) Was it error for the Court to order the alimony award to be terminated when the Defendant and Counter-Plaintiff commenced receiving a 38.86 per cent share of the monthly U.S. Civil Service annuity payments of the Plaintiff and Counter-Defendant.

8) Was it error for the Court not to order the Plaintiff and Counter-Defendant to pay the three medical bills?

9) Was it error for the Court to refuse to permit the Plaintiff and Counter-Defendant to give testimony concerning the marriage relationship prior to the most recent events? (Withdrawn)

of the two issues upon which appellant sought appellate review by the Court of Special Appeals was among the ten reserved points, nor was there any decision by the in banc court on these two specific issues.

The decision of the in banc court generally affirmed the provisions of the decree with the exception of the alimony provision. On this issue the in banc court reversed and remanded the matter to the chancellor. As to real property located in the District of Columbia, the in banc court affirmed the chancellor's declaration that it was marital property, and that the parties had an equal interest therein. The in banc court also noted that the chancellor had retained "jurisdiction over the matter for a reasonable time for the purpose of entering further orders disposing of the real property...."

Upon remand the chancellor conducted a hearing in November of 1981 on its reservation of jurisdiction over the real property. On November 23, 1981 the chancellor issued an order concerning the disposition of the marital property, and the revised alimony award. The real property in Prince George's County and St. Mary's County, held by the parties as tenants by the entirety, was ordered sold in lieu of partition. The order also provided for the equal distribution of the proceeds of the sale.[3]

A monetary award was granted in favor of appellee in the amount of Sixty-two Thousand Dollars less one-half of the balance of the principal and accrued interest on the mortgage on the District of Columbia realty which was titled in appellant's name. The chancellor referred the matter to the court auditor to establish the precise equity therein and the

---

10) Was it error for the Court to deny the Defendant and Counter-Plaintiff's motion for reasonable costs under Rule 421, § a through e of the Maryland Rules?"

**3.** This order was subsequently modified in December of 1981 by providing that instead of an equal division of the St. Mary's property, appellant would receive one-half of one-third with appellee receiving the balance.

exact amount of the monetary award to be made in favor of appellee.

Soon thereafter, appellant filed a motion with the in banc court for costs and attorneys' fees incident to prosecuting her in banc appeal. The in banc court referred this matter to the chancellor pursuant to *Sewell v. Sewell*, 218 Md. 63, 145 A.2d 422 (1958).

After the court auditor filed his report, in compliance with the chancellor's referral no exceptions were taken. Appellant did, however, file a motion to modify the divorce decree to the extent of reducing the monetary award to appellee by his proportionate share of the sales expense incident to the sale of the District of Columbia property. Appellee filed a motion *ne recipiatur* or to strike and general opposition. After a hearing the chancellor granted appellee's motion *ne recipiatur* and denied appellant's motion to modify. In a separate order the chancellor denied appellant's motion for costs and attorneys' fees, finding there was no substantial justification for instituting the in banc appeal. A timely appeal was taken from these two actions to the Court of Special Appeals, which, as previously stated, dismissed for lack of jurisdiction.

■ It is well settled that before the proscription against a further appeal by the moving party in an in banc appeal is applicable, there must be a decision by the in banc court on the points reserved.[4] As was said in *State Roads Commission v. Smith*, 224 Md. 537, 168 A.2d 705 (1961):

"It is the decision of the Court *in banc* which is given conclusive effect by that Section as against the party invoking such review; the initiation of proceedings looking to such review is not stated to have any such effect (or, indeed, any effect) against him. The fullness and

---

4. For a complete discussion of in banc appeal procedure see *Washabaugh v. Washabaugh*, 285 Md. 393, 404 A.2d 1027 (1979).

care with which the conclusive effect of the *decision* of the Court *in banc* against a party unsuccessfully invoking such review are spelled out, and the omission of any like provisions with regard to the *initiation* of proceedings for review *in banc*, strongly imply that such proceedings stopping short of decision were not intended to have any such conclusive effect."

*Id.* at 544, 168 A.2d at 708–09 (emphasis in original). More recently in *Washabaugh v. Washabaugh,* 285 Md. 393, 399, 404 A.2d 1027, 1030 (1979), Judge Digges said for the Court:

"After a point or question has been properly reserved, so long as the appeal to the court in banc has not been carried through to hearing and determination it can be abandoned by the moving party in favor of the usual appellate route if a timely and otherwise proper appeal has been or may be noted, [citation omitted], but once a determination is made by the court in banc, its decision is final as to the party who sought review by that court."

It necessarily follows, then, that generally there must be an in banc decision on the point reserved for the constitutional proscription to come into play.

In the instant case, appellant raised two issues before the Court of Special Appeals:

(1) Did the Chancellor err in denying out of hand the request for counsel fees and transcript expenses; and

(2) Did the Chancellor err in holding that the order of November 23, 1981 was final and thus could not be modified with regard to the credits to be considered in determining the monetary award.

Regardless of the merits of either of these rulings, it is clear that the in banc court did not have them as reserved points or reach a decision on these issues. Furthermore, neither of these points could have been the subject of in banc review, simply because the issues were generated after the in banc order.

■ With regard to the motion for expenses and attorneys fees incident to the in banc appeal, while this was presented to the in banc court, it remanded the motion to the chancellor for original determination under the mandate of *Sewell v. Sewell*, 218 Md. 63, 145 A.2d 422 (1958). In *Sewell* we stated that a request for attorneys' fees regarding the prosecution of an appeal must first be addressed to the trial court. If a party is dissatisfied with that court's ruling an appeal may then be taken. Obviously there was no decision on this issue by the in banc court and the proscription is inapplicable; this issue, therefore, was properly appealable to the Court of Special Appeals.

■ Likewise, the issue regarding the denial of the modification order was not, nor could it have been, raised before the in banc court. Neither do we believe that the order of the in banc court encompassed this issue. Although the in banc court decided certain questions in regard to the District of Columbia property, the issue of sales expenses did not arise until after the case was remanded to the trial court. In fact, the in banc court did not specifically decide the obligations of the parties with regard to the mortgage payments; an issue which was reserved. Rather, the court stated:

> "Defendant's claim, should she be required to pay the mortgage payments in full, is not precluded from being considered at a later date in accordance with the Chancellor's order."

Accordingly, we can only conclude that the Court of Special Appeals erred in dismissing the appeal. We remand to that court in order that it may consider the matter on the merits.

ORDER OF COURT OF SPECIAL APPEALS DISMISSING APPEAL VACATED; CASE REMANDED TO THAT COURT FOR CONSIDERATION OF QUESTIONS PRESENTED. COSTS TO BE PAID BY APPELLEE.