489 A.2d 22

**Morris Lorenzo DEAN**

v.

**STATE of Maryland.**

**No. 117, Sept. Term, 1984.**

Court of Appeals of Maryland.

March 8, 1985.

Carol Garfiel Freeman, Asst. Public Defender, District 6, Rockville (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Jillyn K. Schulze, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE and RODOWSKY, JJ., CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired) and THEODORE G. BLOOM, Associate Judge of the Court of Special Appeals, Specially Assigned.

SMITH, Judge.

We shall here hold that, because an appeal to a court in banc under Md. Const. art. IV, § 22 from an order granting a motion for new trial was not from a final judgment, the Circuit Court for Montgomery County did not have jurisdiction to vacate that order.

A Montgomery County jury convicted appellant Morris L. Dean of first degree rape, second degree rape, assault with intent to rape, and battery. The trial judge (Frosh, J.) granted Dean's motion for a new trial. Later that day the State invoked the provisions of Const. art. IV, § 22 and filed a reservation of points for a court in banc.[1] It claimed that

---

1. This provision states:
   "Where any Term is held, or trial conducted by less than the whole number of said Circuit Judges, upon the decision or determination of any point, or question, by the Court, it shall be competent to the party, against whom the ruling or decision is made, upon

the trial judge abused his discretion in granting the motion for new trial.

The in banc court wrestled with the question of whether it had jurisdiction. We do not find clearly set forth the basis of its ultimate conclusion that it had jurisdiction. It appears that there was at least a suggestion that in granting the motion for new trial the trial judge had applied a standard which we rejected in *State v. Devers and Webster,* 260 Md. 360, 272 A.2d 794, *cert. denied,* 404 U.S. 824, 92 S.Ct. 50, 30 L.Ed.2d 52 (1971). The panel stated:

"As the findings by the trial judge were deemed by this panel to be insufficient, a determination seemingly concurred in by both parties at time of argument, the panel following argument made a written request of the trial

motion, to have the point, or question reserved for the consideration of the three Judges of the Circuit, who shall constitute a court in banc for such purpose; and the motion for such reservation shall be entered of record, during the sitting, at which such decision may be made; and the several Circuit Courts shall regulate, by rules, the mode and manner of presenting such points, or questions to the Court in banc, and the decision of the said Court in banc shall be the effective decision in the premises, and conclusive, as against the party, at whose motion said points or questions were reserved; but such decision in banc shall not preclude the right of Appeal, or writ of error to the adverse party in those cases, civil or criminal, in which appeal, or writ of error to the Court of Appeals may be allowed by Law. The right of having questions reserved shall not, however, apply to trials of Appeals from judgments of the District Court, nor to criminal cases below the grade of felony, except when the punishment is confinement in the Penitentiary; and this Section shall be subject to such provisions as may hereafter be made by Law."

In *Estep v. Estep,* 285 Md. 416, 420–21 n. 4, 404 A.2d 1040, 1042–43 n. 4 (1979), we said that "such an appeal would necessarily have to conform to the normal appellate procedure established by the legislature and thus be taken to the Court of Special Appeals, with this Court exercising jurisdiction only upon the issuance of a writ of certiorari." In *Washabaugh v. Washabaugh,* 285 Md. 393, 411–12, 404 A.2d 1027, 1037–38 (1979), we held that an in banc court consists "of only three members" notwithstanding the fact that, unlike the situation in 1867, all judicial circuits have more than three judges.

judge for a written explication of his findings. The trial judge declined to furnish the requested explication." The panel held:

"While it appears more likely than not that the trial judge here applied the standard categorically rejected as unconstitutional by the Maryland Court of Appeals in *Devers, supra,* the lack of findings prevents this panel from so concluding with the certainty the law requires.

"The State and the Defendant are both entitled to due process of law as a constitutional protection under the Fourteenth Amendment of the United States Constitution.[2] The predication of judicial action based upon precise findings is an essential element of due process of law. *Gagnon v. Scarpelli,* 411 U.S. 778 [93 S.Ct. 1756, 36 L.Ed.2d 279] (1973); *McRoy v. State,* 24 Md.App. 321 [330 A.2d 693] (1975), *cert. denied,* 275 Md. 752 (1975). The absence of findings renders the trial court's action in granting a new trial unconstitutionally void. The Panel shall reverse."

Accordingly, it vacated the order granting the defendant a new trial, reinstated the convictions, and remanded the case to Judge Frosh for the purpose of sentencing.

Dean appealed to the Court of Special Appeals. Prior to argument in the intermediate appellate court we issued a writ of certiorari on our own motion so that we might review the important public question here presented.

In *Washabaugh v. Washabaugh,* 285 Md. 393, 404 A.2d 1027 (1979), Judge Digges traced for the Court the origins and operations of courts in banc under Const. art. IV, § 22. He noted that this section was proposed by Delegate Richard H. Alvey of Washington County at the Constitutional

---

2. We point out that what is said on this subject by U.S. Const. amend. XIV, § 1 is: "No State shall ... deprive any person of life, liberty, or property, without due process of law ...." The 14th Amendment's due process guarantee in a criminal case, and the similar guarantee under Md. Declaration of Rights art. 24, thus runs to an accused, not to the prosecuting authority.

Convention of 1867.[3]   Judge Digges suggested for the Court:

> "Although the reason for section 22's inclusion in the constitution is not altogether clear, it appears to have been, as its commonly recognized nickname of 'the poor person's appeal' suggests, a response to a fear of the framers of the Constitution of that year that the distance to Annapolis and the concomitant delay and expense incident to prosecuting an appeal in the Court of Appeals would discourage or preclude many litigants from seeking justice by means of appellate review.   *Cf. Roth v. House of Refuge,* 31 Md. 329, 333 (1869) (Alvey, J.)."   285 Md. at 396, 404 A.2d at 1029.

■   Whatever the theory of the State's Attorney for Montgomery County may have been in seeking review by the in banc court, the Attorney General says before us that he does not contend that there is any different standard of appealability to a court in banc from that to the Court of Special Appeals.   There is no different standard.

Ordinarily it is only a final judgment from which a right of appeal is granted by Maryland Code (1974) § 12–301, Courts and Judicial Proceedings Article.   In *Estep v. Estep,* 285 Md. 416, 422–24, 404 A.2d 1040, 1043–45 (1979), we said that the right of appeal to an in banc court is as set forth in § 12–301.   The statutory exceptions to § 12–301 are found in § 12–302.   Before the court in banc the State apparently claimed it came within § 12–302(c)(3), which provides a right of appeal to the State before jeopardy attaches in a case involving a crime of violence, as defined in Code (1957, 1982 Repl.Vol., 1983 Cum.Supp.) Art. 27, § 643B, "from a decision of a trial court that excludes evidence offered by the State or requires the return of property alleged to have been seized in violation of the Constitution of the United States, the Constitution of Maryland, or the Maryland Declaration of Rights."   Aside from any other question as to

---

**3.**   Judge Alvey later served with distinction as a judge of this Court from 1867 to 1893. He was chief judge 1883–1893.

the applicability of that section, we point out that jeopardy had attached here. Code (1974, 1980 Repl.Vol.) § 12–303, Courts and Judicial Proceedings Article, pertains to interlocutory orders in civil cases from which an appeal may be entered.

We observed in *Sigma Repro. Health Cen. v. State*, 297 Md. 660, 467 A.2d 483 (1983):

"The general rule in criminal cases is that no final judgment exists until after conviction and sentence has been determined, or, in other words, when only the execution of the judgment remains.... Ordinarily, therefore, an appeal from a pretrial or trial order will not be heard where there are pending proceedings in which issues on the merits of the case remain to be decided. Such orders are interlocutory, not final, and nonappealable until after entry of a final judgment." 297 Md. at 665–66, 467 A.2d at 485–86. (Citations omitted.)

Traditionally the right of the State to appeal in any case has been more severely restricted than the defendant's right. In *Sigma*, we listed orders from which courts have held the defendant can immediately appeal, including those involving his right not to be subjected to double jeopardy, his right to file an in forma pauperis petition or to allege his right to bring a case as an indigent, and his right to be adjudged competent to stand trial, citing cases. 297 Md. at 666–67, 467 A.2d at 486. We further said:

"Trial court orders that have been determined to be interlocutory and nonappealable include those involving the denial of: defendant's motion to dismiss the indictment because his right to a speedy trial had been violated, see *United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); *Stewart* [*v. State*] 282 Md. 557 [386 A.2d 1206 (1978)]; defendant's motion concerning pretrial discovery orders, see *Dow Chemical Co. v. Taylor*, 519 F.2d 352 (6th Cir.), *cert. denied* 423 U.S. 1033 [96 S.Ct. 566, 46 L.Ed.2d 407] (1975); *Kardy v. Shook*, 237 Md. 524, 207 A.2d 83 (1965); defendant's motion to suppress evidence, see *State v. Cooley*, 430 A.2d 789

(Del.1981); defendant's motion for a new trial because of the trial court's selection of venue after defendant's exercise of his right to removal, see *Lee [v. State ]* 161 Md. 430 [157 A. 723]; and defendant's motion for new trial, see *State v. Asherman,* 180 Conn. 141, 429 A.2d 810 (1980). *Accord Warren [and Doyle v. State ]* 281 Md. 179 [377 A.2d 1169 (1977)] (appeal from an order for probation without judgment); *State v. Powell,* 186 Conn. 547 [442 A.2d 939 (1982)] (appeal from a motion to disqualify the prosecutor because of a personal interest in the outcome of the litigation)." 297 Md. at 667, 467 A.2d 486.

■ It is clear that the order from which the State sought to appeal in this case was not an appealable final order and thus the in banc court was without jurisdiction to consider the point reserved.[4] This is true notwithstanding the State's seizure upon the language we used in *State ex rel. Sonner v. Shearin,* 272 Md. 502, 325 A.2d 573 (1974), to the effect that a trial court which exceeds its powers

> "must be bridled by a court of last resort. Were it otherwise, mandates of the General Assembly could be defied with impunity and the only protection of the public would be the tortuous process of judicial removal which

---

**4.** In *Estep v. Estep,* 285 Md. 416, 404 A.2d 1040 (1979), Judge Digges said for the Court:

"[O]ur determination in this case does not in any way conflict with this Court's holding in *Medical Examiners v. Steward,* 207 Md. 108, 111–12, 113 A.2d 426, 427 (1955), that a court in banc has 'the power to decide the question of its own jurisdiction' and that its decision on such a matter is not subject to review. This principle governs all appeals to a court in banc and precludes the moving party, as it did in *Steward* from further challenging that tribunal's determination as to its own jurisdiction; however, when, as here, an appeal of the court in banc's decision is taken by the non-moving party, as section 22 allows, ... that court's determination becomes subject to review by the Court of Special Appeals or this Court upon any ground that we, as appellate courts, are permitted to consider in any other appeal." 285 Md. at 424, n. 8, 404 A.2d at 1044, n. 8.

would not have the effect of correcting the specific error." 272 Md. at 526, 325 A.2d at 586.[5]

The State argues:

"Here, Judge Frosh exceeded his jurisdiction in ordering a new trial based on his belief that the verdicts were against the weight of the evidence. *State v. Devers, supra.* Even if Judge Frosh had applied the correct standard of testing the legal sufficiency of the evidence, and ruled in Appellant's favor on the correct basis, the double jeopardy clause invalidates his order that there be a new trial. *Burks v. United States, supra; Mackall v. State, supra.* Thus, there can be no question but that he unlawfully exceeded his powers in ordering the new trial. Accordingly, the en banc court had inherent jurisdiction to review and vacate this abuse of power."

What the State ignores is that in *Sonner* we spent a great deal of time in finding jurisdiction to entertain an appeal. Moreover, it must be recognized that in that case sentence had been imposed and the State's Attorney for Montgomery County was suggesting that the trial judge illegally suspended a part of the sentence. Our holding was "that the trial judge's refusal to correct the illegal sentence was properly appealed by the State." 272 Md. at 504, 325 A.2d at 575.

JUDGMENT REVERSED AND CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; MONTGOMERY COUNTY TO PAY THE COSTS.

---

**5.** The State does not add the next sentence: "Therefore, if there were no right of appeal in this case, we would have no hesitancy in saying that we would act by issuance of the writ of prohibition. *See Kardy v. Shook, J.,* 237 Md. 524, 544, 207 A.2d 83 (1965)." To the best of our knowledge the Court had never issued a writ of prohibition prior to *Sonner.* We know it has issued none since then. We have no basis in this case to pass upon whether the trial judge, as alleged, failed to follow our holding in *State v. Devers and Webster,* 260 Md. 360, 272 A.2d 794, *cert. denied,* 404 U.S. 824, 92 S.Ct. 50, 30 L.Ed.2d 52 (1971). Our past history indicates that the writ would be used only in an extreme case.