*George Cameron Seward v. State of Maryland*, No. 12, September Term, 2015, Opinion by Adkins, J.

**MARYLAND CODE (2001, 2008 REPL. VOL., 2015 CUM. SUPP.), § 8-301 OF THE CRIMINAL PROCEDURE ARTICLE ("CP")** — RIGHT OF DIRECT APPEAL: Because a circuit court order granting a petition for writ of actual innocence is not a final judgment, the State does not have the right to directly appeal that order under Maryland Code (1973, 2013 Repl. Vol.), § 12-301 of the Courts and Judicial Proceedings Article ("CJP").

Circuit Court for Baltimore County
Case No.: 03-K-84-003827
Argued: September 29, 2015

IN THE COURT OF APPEALS

OF MARYLAND

---

No. 12

September Term, 2015

---

GEORGE CAMERON SEWARD

v.

STATE OF MARYLAND

---

Barbera, C.J.
Battaglia
Greene
Adkins
McDonald
Rodowsky, Lawrence F. (Retired,
    Specially Assigned),
Cathell, Dale R. (Retired,
    Specially Assigned),

JJ.

---

Opinion by Adkins, J.

---

Filed: January 27, 2016

Maryland Code (2001, 2008 Repl. Vol., 2015 Cum. Supp.), § 8-301 of the Criminal Procedure Article ("CP") allows a person convicted of a crime to file a petition for writ of actual innocence under certain circumstances and seek a new trial. In *Douglas v. State*, we held that an order denying such a petition is appealable because it is a final judgment. 423 Md. 156, 170–71, 31 A.3d 250, 258–59 (2011). Today we resolve a question left open by the decision in *Douglas*: does an order *granting* such a petition constitute a final judgment, such that the State can appeal it directly? Because we conclude that the procedural context is materially different when a court grants a petition for writ of actual innocence, the order is not a final judgment, and the State cannot directly appeal it.

## FACTS AND LEGAL PROCEEDINGS

Around noon on July 26, 1984, a man knocked on Phyllis Diacont's ("Diacont") door and asked to use her phone after claiming that his car had broken down. Shortly after entering her home, the man raped, robbed, and shot Diacont. Diacont survived and later identified George Cameron Seward ("Seward") as her attacker.

In 1985, before the Circuit Court for Baltimore County ("the trial court"), Louise Stamathis ("Stamathis") testified that Seward had worked at her dog grooming shop during the summer of the attack on Diacont. Because she was caring for her ill husband, however, Stamathis was unable to locate employment records and state whether Seward was at work the week of the crime.

The trial court found Seward guilty of first degree rape, first degree sex offense, assault with intent to murder, breaking and entering of a dwelling house, using a handgun in the commission of a felony, and robbery with a dangerous and deadly weapon. Diacont's

testimony provided the only substantive evidence to identify Seward as her attacker. Seward received two consecutive life sentences plus 73 years. The trial court merged the additional counts.

The Court of Special Appeals affirmed Seward's convictions in an unreported opinion. This Court denied Seward's petition for writ of certiorari. *Seward v. State*, *cert. denied*, 307 Md. 406, 514 A.2d 24 (1986).

Between 1996 and 1997, Seward's postconviction attorney located Stamathis's employment records. After reviewing the records, Stamathis concluded it was "impossible" that Seward could have left the dog grooming shop to attack Diacont.

In 1997, Seward filed a petition for postconviction relief based on ineffective assistance of counsel. He alleged that his trial attorney failed to properly present evidence for an alibi defense. The Circuit Court for Baltimore County ("the postconviction court") denied Seward's petition in 1999. The postconviction court concluded that Seward's trial attorney acted reasonably in investigating Stamathis as an alibi witness.

The Court of Special Appeals denied Seward's application for leave to appeal the denial of postconviction relief.

In 2009, the General Assembly enacted Maryland Code (2001, 2008 Repl. Vol., 2015 Cum. Supp.), § 8-301 of the Criminal Procedure Article ("CP"), which states, in pertinent part:

> A person charged by indictment or criminal information with a crime triable in circuit court and convicted of that crime may, at any time, file a petition for writ of actual innocence in the circuit court for the county in which the conviction was

2

imposed if the person claims that there is newly discovered evidence that:
> (1) creates a substantial or significant possibility that the result may have been different, as that standard has been judicially determined; and
> (2) could not have been discovered in time to move for a new trial under Maryland Rule 4-331.

Seward filed a petition for writ of actual innocence in the Circuit Court for Baltimore County ("Circuit Court") in 2010.

At the hearing on this petition, Stamathis testified, based on her employment records, that Seward was at work the day of the crime. Discussing her policy and procedures, she explained that her employees, including Seward, usually worked between eight o'clock and four o'clock, ate lunch at the shop, and did not leave during the day. Moreover, Stamathis testified that her employees could not leave without her opening the doors to the shop, which she kept locked.

The Circuit Court granted Seward a new trial in 2012. Based on Stamathis's employment records, the Circuit Court concluded that a substantial possibility existed that the result of Seward's trial could have been different. At trial, the State had relied "solely" on Diacont's identification of Seward as her attacker. The records showed that Seward "could not have been at the scene of the crime while the crime was occurring."

The Circuit Court also concluded that the records could not have been discovered in time to move for a new trial under Maryland Rule 4-331, i.e., that Seward's trial attorney had acted with "due diligence." After reviewing the postconviction court's analysis of Seward's trial attorney's performance, the Circuit Court refused to conclude that the attorney "could have done anything else to obtain" the records. Finally, the Circuit Court

3

decided that the records were newly discovered evidence—although Seward and the State knew the records existed during trial, the parties did not then know the records' exculpatory nature.

The State filed a notice of appeal, but Seward moved to dismiss, citing the State's limited authority to appeal as established by statute. In a reported opinion, the Court of Special Appeals denied Seward's motion to dismiss, concluding that the State can appeal an order granting a petition for writ of actual innocence. *State v. Seward*, 220 Md. App. 1, 5, 102 A.3d 798, 801, *cert. granted*, 441 Md. 666, 109 A.3d 665 (2014). On the merits of the State's appeal, the intermediate appellate court concluded that Seward's petition must be denied. *Id.* at 27, 102 A.3d at 813–14. It concluded that the Circuit Court erred by applying the wrong standard for due diligence. *Id.* at 17–18, 102 A.3d at 808. Rather than remand for further proceedings, the intermediate appellate court reversed, reasoning that the records were not newly discovered evidence under a proper due diligence analysis. *Id.* at 25–26, 102 A.3d at 812–13.

We granted Seward's Petition for Writ of Certiorari on the following questions:

> 1. In a case of alleged innocence, where the State concedes the new alibi evidence of innocence is "material," and the Circuit Court also held that "[i]f the trial judge had known that the records existed that showed that the Petitioner could not have been at the scene of the crime while the crime was occurring, there is a substantial possibility that he would not have found the Petitioner guilty;" (Ex. 2 at 4) can an appellate court rest a decision to reverse the granting of a Writ of Actual Innocence on the belief that trial counsel failed to investigate [] the alibi, without considering the evidence of all the things trial counsel actually did to locate the alibi evidence?

4

2. Does the State have the right to appeal a Circuit Court decision granting a Writ of Actual Innocence under Md. Code, Criminal Procedure § 8-301, in light of: (1) this Court's prior precedent in *Douglas v. State*, 423 Md. 156[, 31 A.3d 250] (2011); and (2) the General Assembly's decision not to put any appellate right in the statute?

3. Did the Court of Special Appeals err in mischaracterizing the record evidence and factual findings by the Circuit Court to the extent that the Court's decision rests on a misunderstanding of the record?

Because we answer no to the second question, we reverse the judgment of the Court of Special Appeals.

## STANDARD OF REVIEW

The right of appeal is entirely statutory in Maryland. *Pack Shack, Inc. v. Howard Cnty.*, 371 Md. 243, 247, 808 A.2d 795, 797 (2002). Thus, we examine Maryland Code (1973, 2013 Repl. Vol.), § 12-301 of the Courts and Judicial Proceedings Article ("CJP") to resolve a question of law—whether the State has a right to appeal an order granting a petition for writ of actual innocence under CP § 8-301. We do so without according deference to the intermediate appellate court's ruling.

## DISCUSSION

Critical to each party's argument is *Douglas v. State*, in which we held that "a denial of a petition for writ of actual innocence is a final judgment under [CJP] § 12-301." 423 Md. at 174, 31 A.3d at 261. Seward argues that the State cannot seek a direct appeal under CJP § 12-301 because, unlike in *Douglas*, there is no final judgment here. An order granting a petition for writ of actual innocence is merely an interlocutory order. Seward also relies on *Douglas* to argue that an action under CP § 8-301 is part of the underlying

5

criminal case.  Finally, he alleges that the legislative history of CP § 8-301 does not justify the State's appeal.

The State counters that it can directly appeal a decision in a CP § 8-301 case because the *Douglas* Court concluded that such a decision was a final judgment under CJP § 12-301. The State then argues that an action under CP § 8-301 is a civil proceeding, collateral to the criminal case, as is true of a postconviction or coram nobis proceeding.  Notably, it emphasizes that CP § 8-301 appears under Title 8 of the Criminal Procedure Article: "Other Postconviction Review."  Finally, the State finds the legislative history of CP § 8-301 instructive in that the General Assembly deleted a proposed right to appeal from the text of CP § 8-301 because CJP § 12-301 already authorized that right.

"It is an often stated principle of Maryland law that appellate jurisdiction, except as constitutionally authorized, is determined entirely by statute, and that, therefore, a right of appeal must be legislatively granted."  *Gisriel v. Ocean City Bd. of Supervisors of Elections*, 345 Md. 477, 485, 693 A.2d 757, 761 (1997).  Because the State tethers its right to appeal directly to CJP § 12-301, we begin with the pertinent part of that statute:

> Except as provided in § 12-302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court.  The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law.

It is our role "to define and give content to the meaning of the term, 'final judgment.'"  *See Sigma Reprod. Health Ctr. v. State*, 297 Md. 660, 664, 467 A.2d 483, 485 (1983) (citations

6

omitted).  The State reads this statute as authorizing its appeal because the order entered

by the Circuit Court was "a final judgement."[1]

The State construes *Douglas* as affirming that CJP § 12-301 applies "in actual

innocence cases."  The State would have us read *Douglas* for the proposition that any

decision in an actual innocence case constitutes a final judgment.  But the State fails to

confront a patent difference between *Douglas* and this case.  Although we held that the

Circuit Court's decision in *Douglas* was a final judgment under CJP § 12-301, the

procedural context was materially different.  The question in *Douglas* was whether "an

order *denying* a petition for writ of actual innocence" is a final judgment and, thus, "an

automatically appealable order[.]" 423 Md. at 164, 31 A.3d at 255 (emphasis added).  As

we have interpreted CJP § 12-301, a judgment granting a new trial and a judgment denying

a new trial are not to be treated the same.

In *Douglas*, we defined a final judgment as:

> one that "either determine[s] and conclude[s] the rights of the
> parties involved or den[ies] a party the means to 'prosecut[e]
> or defend[] his or her rights and interests in the subject matter
> of the proceeding.'"  Important is whether "any further order is
> to be issued or whether any further action is to be taken in the
> case."

*Id.* at 171, 31 A.3d at 259 (citations omitted).  An interlocutory order, on the other hand,

exists when "'there are pending proceedings in which issues on the merits of the case

---

[1] The State aptly avoids grounding its argument in the text of Maryland Code (2001, 2008 Repl. Vol., 2015 Cum. Supp.), § 8-301 of the Criminal Procedure Article ("CP") because, as we said in *Douglas v. State*, "[CP] § 8-301 is silent with regard to a right of appeal."  423 Md. 156, 170, 31 A.3d 250, 258 (2011).

7

remain to be decided.'" *Id.* at 172, 31 A.3d at 260 (citation omitted). Moreover, the purpose of CJP § 12-301 is to permit appeals only from final judgments "to 'prevent piecemeal appeals and . . . the interruption of ongoing judicial proceedings.'" *Id.*, 31 A.3d at 259 (citations omitted).

We concluded in *Douglas* that an order denying a petition for a writ of actual innocence was final because the order "conclude[d] a petitioner's rights as to all claims based on the newly discovered evidence alleged in the petition." *Id.* at 171, 31 A.3d at 259. "[N]othing remains pending in the case" when the circuit court denies such a petition. *Id.*

We grounded our conclusion in the statutory requirements of CP § 8-301. One element of the statute "requires the petitioner to 'distinguish the newly discovered evidence claimed . . . from any claims made in prior petitions.'" *See id.* (quoting CP § 8-301(b)(5)). When an order denies a petition based on allegedly newly discovered evidence, the petitioner can never refile "on the basis of the same [] evidence." *Id.* at 172, 31 A.3d at 259. The order, then, prohibits the petitioner from further "'prosecut[ing] or defend[ing] his . . . rights and interests in the subject matter of the proceeding.'" *Id.* at 171, 31 A.3d at 259. (citation omitted).

*Douglas* teaches that an order denying a petition is final because the order forecloses the right to raise a claim of actual innocence based on a particular piece of evidence. Once a circuit court denies the petition regarding that evidence, no "further action is to be taken in the case." *Id.* (citation omitted).

8

In direct contrast, the Circuit Court's order here does not prohibit the State from further prosecuting and defending its rights and interests in the newly discovered evidence. Because the Circuit Court granted Seward a new trial, the State may exercise its right to prosecute Seward at that trial and attack the newly discovered evidence. *See id.* Indisputably, "'further action is to be taken in th[is] case.'" *Id.* (citation omitted).

The Circuit Court's order put in motion proceedings to resolve "'issues on the merits of the case.'" *Id.* at 172, 31 A.3d at 260 (citation omitted). Following the order, the Circuit Court for Baltimore County summoned Seward for his new trial. In effect, the Circuit Court's order "[has kept] the parties in court to litigate the claims remaining between them." *Schuele v. Case Handyman & Remodeling Servs., LLC*, 412 Md. 555, 571–72, 989 A.2d 210, 219–20 (2010) (An order denying a motion to compel arbitration "is not final" because the order "effectively keeps the parties in court to litigate the claims remaining between them" rather than putting them out of court.). To permit the State to appeal this order subverts the purpose of CJP § 12-301: "'to prevent piecemeal appeals and . . . the interruption of ongoing judicial proceedings.'" *Douglas*, 423 Md. at 172, 31 A.3d at 259 (citation omitted). The Circuit Court's order is thus interlocutory and not appealable until after entry of a final judgment.

Indeed, we have previously held that an order granting a motion for a new trial is not a final judgment, and thus, not immediately appealable. *Snyder v. Cearfoss*, 186 Md. 360, 366–67, 46 A.2d 607, 609–10 (1946), *abrogated on other grounds by Buck v. Cam's Broadloom Rugs, Inc.*, 328 Md. 51, 54–57, 612 A.2d 1294, 1296–97 (1992). Addressing an appeal of the grant of a new trial, we explained: "It is generally recognized that the effect

9

of granting a motion for a new trial is to leave the cause in the same condition as if no previous trial had been held." *Id.* at 367, 46 A.2d at 610. Hence, we concluded that there was "no final judgment" and granted the motion to dismiss the appeal. *Id.*; *see also Dean v. State*, 302 Md. 493, 499, 489 A.2d 22, 25 (1985) ("It is clear that the order [granting the defendant's motion for a new trial] from which the State sought to appeal in this case was not an appealable final order . . . ."), *abrogated on other grounds by Bienkowski v. Brooks*, 386 Md. 516, 547, 873 A.2d 1122, 1140 (2005).

The State's attempts to distinguish *Dean*, made at oral argument, were unavailing. The State pointed out that Dean was not yet sentenced at the time he moved for a new trial, whereas Seward was sentenced years ago. But as discussed *supra*, what concerns us for purposes of finality is not the date of sentencing, but rather whether "there are pending proceedings in which issues on the merits of the case remain to be decided." *Douglas*, 423 Md. at 172, 31 A.3d at 260 (citation omitted). The Circuit Court's order certainly leaves "the merits of the case . . . to be decided." *Id.*[2]

Rather than confront these precedents, the State would have us focus on the question of whether CP § 8-301 is part of the underlying criminal case or is a collateral, civil proceeding. But that distinction is unhelpful. CJP § 12-301 provides a right of appeal "in a civil *or* criminal case." (emphasis added). The appeal must, however, be "from a final

---

[2] We are similarly unpersuaded by the State's secondary argument that the State's appeal in *Dean* was from a single trial judge to a court sitting in banc. As we said, "[t]here [was] no different standard" for appealability "to a court in banc from that to the Court of Special Appeals." *Dean v. State*, 302 Md. 493, 497, 489 A.2d 22, 24 (1985), *abrogated on other grounds by Bienkowski v. Brooks*, 386 Md. 516, 547, 873 A.2d 1122, 1140 (2005).

judgment." CJP § 12-301. We have already answered that question. The Circuit Court's order is not a final judgment.[3]

In its closing volley, the State argues that the General Assembly failed to include a right to appeal for either the petitioner or the State from CP § 8-301 because that right already lies in CJP § 12-301. This argument, however, presumes that the right of appeal in CJP § 12-301 is available to the State. It is not. The State has again misunderstood *Douglas*. In *Douglas* we said it "would be redundant" for CP § 8-301 to have "explicit language" that "authorizes the right of appeal from a final judgment." 423 Md. at 173, 31 A.3d at 260. The redundancy, however, followed from our conclusion that the *denial* of a petition for writ of actual innocence was a final judgment, and thus, within the scope of CJP § 12-301. *Id.* at 171, 31 A.3d at 259. Legislative history had nothing to do with that conclusion. *Id.* at 173, 31 A.3d at 260.

Finally, we recognize that our decision serves a legitimate interest that CP § 8-301 advances. Prior to the enactment of CP § 8-301, the Office of the Public Defender ("OPD") explained in a 2009 joint report: "Once convicted, a defendant faces almost insurmountable

---

[3] The State says that a CP § 8-301 proceeding is like a postconviction or coram nobis proceeding. But because the right of appeal is entirely statutory in Maryland, *Pack Shack, Inc. v. Howard Cnty.*, 371 Md. 243, 247, 808 A.2d 795, 797 (2002), the State's argument misses the mark. The statutes creating these proceedings are different. The General Assembly has provided an appeal process in postconviction cases. *See* CP § 7-109. Maryland Rule 15-1207 also states that an order on a petition for writ of error coram nobis is a final judgment. Thus, a right of appeal is available to the State via Maryland Code (1973, 2013 Repl. Vol.), § 12-301 of the Courts and Judicial Proceedings Article ("CJP"). *See Skok v. State*, 361 Md. 52, 65, 760 A.2d 647, 654 (2000) ("As a coram nobis case is an independent civil action, an appeal from a final judgment in such an action is authorized by the broad language of [CJP § 12-301]."). By contrast, CP § 8-301 is silent on this issue.

11

obstacles to obtaining relief on the grounds that he, in fact, did not commit the crime alleged." Governor's Office of Crime Control and Prevention & Office of the Public Defender, Barriers to Post Conviction Review 7 (2009).[4] Among other things, OPD discussed time limitations in Md. Rule 4-331, *id.* at 8, a rule which CP § 8-301 expands, *see* Fiscal and Policy Note Revised, S. 486.[5] A direct appeal by the State delays and therefore obstructs the interest in relief that CP § 8-301 can provide in the form of a new trial as an incarcerated individual must wait, sometimes years, pending appeals, before realizing the fruits of that relief. *See Harris v. Davis S. Harris, P.A.*, 310 Md. 310, 314–15, 529 A.2d 356, 358 (1987) (The requirement of a final judgment "prevent[s] piecemeal appellate review of trial court decisions which do not terminate the litigation," and which would otherwise "repeatedly interrupt and delay lower court proceedings.").

## CONCLUSION

Because the State had no right to appeal the Circuit Court's order granting Seward a petition for writ of actual innocence, we reverse the judgment of the Court of Special Appeals.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE**

---

[4] The joint report was required as part of the 2008 amendments to CP § 8-201. *See* S.B. 211, 2008 Gen. Assemb. Reg. Sess. (Md. 2008).

[5] In the Fiscal and Policy Note, the summary of then-current law explains that defendants may file motions for a new trial under Maryland Rule 4-331, including within one year if based on newly discovered evidence and under certain circumstances. Fiscal and Policy Note Revised, S. 486, at 2. The Fiscal and Policy Note explains that a petition for writ of actual innocence has the same content requirements as a motion under Md. Rule 4-331 based on newly discovered evidence, but that "[t]he petition may be filed *at any time*." *Id.* at 1–2 (emphasis added).

**REMANDED TO THAT COURT WITH DIRECTIONS TO GRANT THE MOTION TO DISMISS THE NOTICE OF APPEAL AND TO REINSTATE THE ORDER OF THE CIRCUIT COURT FOR BALTIMORE COUNTY GRANTING THE NEW TRIAL. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENT.**