Dissenting Opinion by
Raker, J.
I respectfully dissent. The Court should dismiss the petition because petitioner did not satisfy the requirements of Maryland Rule 4-332, Writ of Actual Innocence. The Rule requires that the petition “shall state ... (9) that the conviction sought to be vacated is based on an offense that the petitioner did not commit.” See Maryland Rule 4-322(d). Petitioner did not include the required allegation in his petition, and his failure to allege actual innocence should be fatal to his petition. The petition should be dismissed.
If I were to reach the merits, I would agree with result the majority reaches. In my view, however, the title, purpose, history, and position of § 8-301 of the Criminal Procedure Article, Md. Code Ann. (2010, 2008 Repl. Vol., 2015 Supp.), within a broader statutory scheme, demonstrates that a petitioner for a writ of actual innocence must plead actual inno *516 cence in order to maintain an action under § 8-301, and this requirement, although set out in the Rule and not the statute, may not be waived by a State’s Attorney or Attorney General. See Md. Rule 4 332(d)(9) (requiring petition to state that the conviction is “based on an offense that the petitioner did not commit”). Without this basic requirement, we would read § 8-301 to abrogate Maryland Rule 4-331(c) — and in the process unseal Pandora’s box, releasing a litany of claims not premised on actual innocence. I do not believe that this was the Legislature’s intent when it enacted § 8-301. Because the petitioner in this case failed to plead that he did not commit the crimes upon which he was convicted,[1] and for the reasons that follow, I would vacate the judgment of the Court of Special Appeals and remand the case to the Circuit Court for Montgomery County with instructions to dismiss the petition.
The cardinal rule of statutory construction is that courts must (1) consider the object or purpose to be attained by the statute and the “evils or mischief’ sought to be remedied, and (2) construe the statute in a manner that effectuates the purpose, suppresses the mischief, and aids in the remedy. Johnson v. State, 75 Md.App. 621, 542 A.2d 429 (1988); see also Mayor & Council of Rockville v. Rylyns Enters., Inc., 372 Md. 514, 814 A.2d 469 (2002) (explaining that statutes must be construed “as a whole, and as part of the larger statutory scheme”). It is axiomatic that our construction of a statute should not “defeat or frustrate the legislative intention.” Criminal Injuries Comp. Bd. v. Gould, 273 Md. 486, 494, 331 A.2d 55, 61 (1975). Naturally, when divining legislative intent, we start with the very words of the statute under *517 consideration — but that is not always where the analysis ends. When the words of the statute do not adequately supply the legislative intent, “we look to other indicia of that intent, including the title to the bill, the structure of the statute, the inter-relationship of its various provisions, its legislative history, its general purpose, and the relative rationality and legal effect of various competing constructions.” Baltimore Cty. v. RTKL Associates Inc., 380 Md. 670, 678, 846 A.2d 433, 437-38 (2004) (citations omitted).
The text of § 8-301 does little to illuminate the legislative intent behind its enactment. The statute provides, in relevant part:
“(a) A person charged by indictment or criminal information with a crime triable in circuit court and convicted of that crime may, at any time, file a petition for writ of actual innocence in the circuit court for the county in which the conviction was imposed if the person claims that there is newly discovered evidence that:
(1) creates a substantial or significant possibility that the result may have been different, as that standard has been judicially determined; and
(2) could not have been discovered in time to move for a new trial under Maryland Rule 4-331.”
It is clear that § 8-301(1) provides an avenue of judicial review for convicted persons who have newly discovered evidence that meets the conditions of § 8-301(a), and (2) gives the circuit courts power to provide various forms of relief. See Crim. Proc. § 8 — 301(f)(1) (permitting a circuit court to “set aside the verdict, resentence, grant a new trial, dr correct the sentence, as the court considers appropriate”). Although the text of the statute refers to “actual innocence,” the legislative intent behind its enactment, from the words of the statute alone, is less clear. At oral argument, the State — while acknowledging its ignorance of the provision’s legislative history — contended that § 8-301 was meant to eliminate the time bar set out in Rule 4-331 and that failure to plead actual innocence is not “fatal” to the cause of action. Rule 4-331, *518 Motions for new trial; revisory power, provides, in pertinent part, as follows:
“(a) Within Ten Days of Verdict. On motion of the defendant filed within ten days after a verdict, the court, in the interest of justice, may order a new trial.
(b) Revisory Power.
(1) Generally. The court has revisory power and control over the judgment to set aside an unjust or improper verdict and grant a new trial:
(A) in the District Court, on motion filed within 90 days after its imposition of sentence if an appeal has not been perfected;
(B) in the circuit courts, on motion filed within 90 days after its imposition of sentence. Thereafter, the court has revisory power and control over the judgment in case of fraud, mistake, or irregularity.
(2) Act of Prostitution While Under Duress. On motion filed pursuant to Code, Criminal Procedure Article, § 8-302, the court has revisory power and control over a judgment of conviction of prostitution to vacate the judgment, modify the sentence, or grant a new trial.
(c) Newly Discovered Evidence. The court may grant a new trial or other appropriate relief on the ground of newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial pursuant to section (a) of this Rule:
(1) on motion filed within one year after the later of (A) the date the court imposed sentence or (B) the date the court received a mandate issued by the final appellate court to consider a direct appeal from the judgment or a belated appeal permitted as post conviction relief; and
(2) on motion filed at any time if the motion is based on DNA identification testing not subject to the procedures of Code, Criminal Procedure Article, § 8-201 or other generally accepted scientific techniques the results of which, if proved, would show that the defendant *519 is innocent of the crime of which the defendant was convicted.”
Beyond the one year limitation, the court has no subject matter jurisdiction to entertain a motion for new trial.
The State’s construction of § 8-301 is simply untenable. To follow this argument to its logical conclusion, we would have to construe § 8-301 as gutting completely the time limits imposed wisely by Rule 4-331 for motions for new trial. The Court’s expansive reading of Rule 4-332 writ of actual innocence makes Rule 4-331 superfluous. I do not think that the Legislature enacted § 8-301 to abrogate the limitation period of Rule 4-331 for all motions for new trial premised on newly discovered evidence, but rather to provide a narrow sliver of daylight only for motions premised on newly discovered (non-DNA) evidence that supports a claim of factual innocence.
A contrary reading of the statute would eviscerate the policies of judicial efficiency and finality of judgments in at least two ways. First, “broadening ... the scope of the writ create[s] the risk that repetitious filings by individual petitioners might adversely affect the administration of justice” in the courts. Schlup v. Delo, 513 U.S. 298, 318, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); see also Paul M. Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv. L. Rev. 441, 451 (1963). Second, opening the door to all motions for new trial premised on newly discovered evidence is not desirable because of the possibility of stale, missing, or degraded evidence, which would impair the State’s ability to conduct a new trial. See Meghan J. Ryan, Finality and Rehabilitation, 4 Wake Forest J.L. & Pol’y 121, 123-25 (2014). There simply is no proof that the Legislature intended such drastic effects when it passed § 8-301.[2]
*520 I read Rule 4-332 as implementing the legislative intent of § 8-301. The Rule adds some gloss to the statute by imposing a non-waivable pleading requirement akin to a condition precedent. Where the maintenance of a cause of action depends upon the performance of a condition precedent, the plaintiff “must allege performance of such condition or show legal justification for nonperformance,” Cannon v. McKen, 296 Md. 27, 38, 459 A.2d 196, 202 (1983), because “the action is fatally flawed if the condition is not satisfied.” Rios v. Montgomery Cty., 386 Md. 104, 127, 872 A.2d 1, 14 (2005); see also Hansen v. City of Laurel, 420 Md. 670, 678, n.5, 25 A.3d 122, 127, n. 5 (2011) (recognizing that failure to satisfy a jurisdictional condition precedent compels dismissal of the appeal); State v. Parks, 148 Md. 477, 129 A. 793 (1925) (upholding demurrer to complaint based on failure to plead satisfaction of condition precedent).
We have defined a condition precedent as a “condition attached to the right to sue at all,” Waddell v. Kirkpatrick, 331 Md. 52, 59, 626 A.2d 353, 356 (1993) (quoting The Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358 (1886)), and have read conditions precedent into statutes where the statute “create[s] a new legal liability” that is intertwined with a limitations period. Hansen, 420 Md. at 687, 25 A.3d at 133 (quoting The Harrisburg, 119 U.S. at 214, 7 S.Ct. 140). We have also held that government officers may not waive conditions precedent in sovereign immunity cases. See State v. Sharafeldin, 382 Md. 129, 141, 854 A.2d 1208, 1214 (2004); see also Rios, 386 Md. at 127, 872 A.2d at 14. Section 8-301 is not just a procedural statute; it is remedial as well. See State v. Matthews, 415 Md. 286, 297, 999 A.2d 1050, 1057 (2010). It creates a new legal right that heretofore did not exist — i.e. the right to move for a new trial after the one year time-bar in Rule 4-331 (c) where the motion is premised on newly discovered, non-DNA evidence. I therefore read the Rule 4-332(d) requirement to plead actual innocence as a “hard” prerequisite — the imposition of which is necessary to a faithful application of § 8-301.
*521 The legislative history indicates that the General Assembly enacted § 8-301 to provide a mechanism for relief to one very specific class of people — individuals who are factually innocent and who have been wrongfully convicted — and to circumscribe relief to that class of people. Section 8-301 recognizes that because “the development of new evidence sometimes takes more than a decade to materialize, when such evidence does become available in a case of a wrongfully convicted defendant, there should be an available mechanism for seeking judicial review, with the defense bearing the burden of proof.” Regarding Senate Bill 486 — Petition for Writ of Actual Evidence — Newly Discovered Evidence Before the S. Committee on Judicial Proceedings (2009) (statement of Sen. Kelley) (emphasis added) (hereinafter “Judicial Proceedings Committee Hearing”). The codified statute’s title — “Petitions for writ of actual innocence” — is particularly notable, for we have long recognized that “[t]he title of an act is relevant to the ascertainment of its intent and purpose.” Mass Transit Admin. v. Baltimore Cty. Revenue Auth., 267 Md. 687, 695-96, 298 A.2d 413, 418 (1973); see also Yonga v. State, 221 Md.App. 45, 63, 108 A.3d 448, 459 (2015), aff'd, 446 Md. 183, 130 A.3d 486 (2016) (“The very title of § 8-301 as a ‘Petition for writ of actual innocence’ prominently proclaims its purpose.”).
Before enactment of § 8-301, a trial court could order a new trial only in the following four situations: (1) where the motion for new trial was made within ten days after the verdict and the court found it was in the interests of justice to grant the motion; (2) where the motion for new trial, premised on newly discovered evidence, was made within one year of either sentencing or a mandate issued by the final appellate court to consider the case on direct review, and the evidence could not have been discovered by due diligence; (3) at any time where the motion for new trial was based on DNA evidence; or (4) in the case of a death sentence, at any time, where the motion for new trial was based on newly discovered evidence that showed the defendant was innocent of the capital crime or other condition of death penalty eligibility. See Floor Report for Senate Bill 486 (2009) (hereinafter “Floor Report”); Md. *522 Rule 4-331(a)-(d). Section 8-301 thus sought to “provide recourse for a wrongfully convicted defendant in certain cases where none of’ the situations described by Rule 4-331 were in play. Judicial Proceedings Committee Hearing (statement of Sen. Kelley). In Douglas v. State, 423 Md. 156, 176, 31 A.3d 250, 262 (2011), the Court recognized that § 8-301 “reflects a legislative purpose that the statute extend the right to seek a new trial on the basis of newly discovered evidence beyond that afforded a convicted defendant under Maryland Rule 4-331(c).” The right that § 8-301 extends is the defendant’s opportunity to “seek a new trial based on newly discovered evidence that speaks to his or her actual innocence ....” Id. (emphasis added). Therefore, the distinction between a motion for new trial under Rule 4-331(c)(1) and a petition for writ of actual innocence under § 8-301 “is in the substantive nature of the thing that the newly discovered evidence must show,” Yonga, 221 Md.App. at 57, 108 A.3d at 455, i.e. “factual innocence, not mere legal insufficiency.” Id. (quoting Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).[3]
*523 Section 8-301 did not evolve within a vacuum, and its enactment is part of a broader scheme of removing time bars for claims of actual innocence. The genesis occurred in the 1980s, when the use of DNA evidence in forensic investigations became technologically possible. Yonga, 221 Md.App. at 58, 108 A.3d at 456. Judge Charles E. Moylan Jr., explained the importance of the growing use of DNA evidence as follows:
“The growing recognition of its sure-fire identification potential, in cold cases long after the fact, hit a sensitive national nerve, especially with respect to death penalty cases.
The sensitive social problem was that the imposition of capital punishment was irrevocable. It posed for many in the wide-ranging national debate the anguished question, ‘How can we be sure we have not executed an innocent person?’ The concern was not with executing someone who might have been procedurally not guilty. Fifty years of the Warren Court Revolution provided all the reassurance we needed on that score. The concern was with actual, factual innocence.”
Id. (emphasis added).
In 2001, the General Assembly passed what is now Criminal Procedure Article § 8-201, providing for a defendant’s right to seek DNA testing in certain circumstances. “Section 8-201 was enacted ... in line with a nationwide trend to adopt postconviction DNA testing statutes designed to provide an avenue for the exoneration of the actually innocent.” Blake v. State, 395 Md. 213-13, 219, 909 A.2d 1020, 1023 (2006). The Standing Committee on Rules of Practice and Procedure responded, in part, by proposing an amendment to Rule 4-331 permitting a “motion [to] be filed at any time if the evidence of a scientific process would show that the defendant is innocent *524 of the crime.” Matthews, 415 Md. at 310, 999 A.2d at 1064 (quoting the statement of the Committee Chairman, Judge Joseph F. Murphy, Jr.); see also Standing Committee on Rules of Practice and Procedure Minutes at 70 (Feb. 9, 2001) (proposed amendment to Rule 4-331 was an “exception” to the rule that a court may not order a new trial after the one-year deadline passed); Yonga, 221 Md.App. at 60, 108 A.3d at 457 (“Actual innocence was the sine qua non for the removal of the filing deadline.”).
Section 8-301 is just another step forward in the direction of providing an avenue to exoneration. State v. Seward, 220 Md.App. 1, 15, 102 A.3d 798, 806 (2014) rev’d on other grounds, 446 Md. 171, 130 A.3d 478 (2016) (“[T]he legislative materials suggest that the actual innocence statute was conceived, by its proponents, as a means to extend the relief afforded under the DNA postconviction statute to those for whom DNA evidence was unavailable.”). It therefore makes little sense to permit a petition that does not, as a threshold matter, allege that proffered newly discovered evidence proves actual innocence, to proceed, because § 8-301 is part of a larger scheme of removing time bars only for the wrongfully convicted. Simply because the Court is anxious to reach the merits of petitioner’s claim is not a valid reason to ignore the pleading requirement of the Rule. Moreover, such an ad hoc approach to the Rule, requirement and purpose in enforcing the statute will lead to uneven and unfair application of the statute.
A different reading of the statute would put us in unexplored territory. Two of our neighbors with similar statutes— the District of Columbia and the Commonwealth of Virginia— both require petitioners for writs of actual innocence to plead their actual innocence as a statutory matter.[4] The Supreme *525 Court of Virginia has recognized the centrality of actual innocence in obtaining relief under its writ of actual innocence statute. In Carpitcher v. Commonwealth, 273 Va. 335, 641 S.E.2d 486, 492 (2007), the Court addressed whether the alleged recantation of a sexual abuse victim’s testimony was material. The Court explained, after examining the text of the statute and relevant legislative history, that:
“[b]y enacting these provisions, the General Assembly intended to provide relief only to those individuals who can establish that they did not, as a matter of fact, commit the crimes for which they were convicted. The statutes governing writs of actual innocence based on non-biological evidence considered as a whole, and Code § 19.2-327.11 in particular, were not intended to provide relief to individuals who merely produce evidence contrary to the evidence presented at their criminal trial.”
Carpitcher, 641 S.E.2d at 492. The Court then held that recantation evidence is not material unless it is true, because a different “construction of the statute would defeat the legislative intent of restricting relief only to those individuals who can establish that they did not commit the crime for which they have been convicted.” Id. The Court’s holding in Car-pitcher is persuasive because Maryland’s writ of actual innocence statute was apparently modeled after Virginia’s statute, although § 8-301 contains some minor textual differences. See Floor Report (highlighting Virginia’s “similar legislation”).[5] Moreover, I agree with the Supreme Court of Virginia that *526 the purpose of the "writ of actual innocence legislation is to restrict relief to those who can establish their factual innocence.
Perjury is an affront to justice in whatever form it takes. Nonetheless, in my view, the Legislature enacted § 8-301 to provide a means of exoneration in a narrow class of cases only. After examining § 8-301’s purpose, history, and position within the broader statutory scheme, I conclude that, for relief, pleading actual innocence is a non-waivable requirement. The petitioner never made this threshold assertion; therefore, his petition should be dismissed.

. The Court justifies reaching the merits on two grounds: (1) that the State did not move to dismiss the petition for lack of averment of actual innocence, and the hearing judge did not recognize any problem in the pleading, and (2) presumably the petition "substantially complie[d] with the requirements of subsection (d).” I do not believe that either basis justifies reaching the merits. First, in inverse order, the petition in no way substantially complies with the requirements of Rule 4-332. The core of the Rule is that petitioner did not commit the offense. Second, in my view, as addressed above, neither the State, the Attorney General nor the trial judge can waive that requirement.

. For example, the Fiscal and Policy Note for Senate Bill 486 notes that, both statewide and locally, the fiscal effects "can be handled with existing budgeted resources.” The Legislature would have had to expect greater fiscal effects (e.g., increased repetitious filings) if it intended to open the courthouse door to anyone who successfully foraged for new evidence — potentially years after a trial — even if merely impeaching evidence.

. One could argue that “actual innocence,” as codified in § 8-301, refers to the Supreme Court's habeas corpus jurisprudence in death penalty cases. Under Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), to show actual innocence, “the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.” Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). When Governor Martin O'Malley signed § 8-301 into law in 2010, Maryland still had the death penalty on the books. Governor O’Malley signed a bill repealing the death penalty in 2013. Thus, it might be tempting to read the Supreme Court's “actual innocence" jurisprudence into § 8-301 — and thereby reason that a petition for writ of actual innocence supported by newly discovered evidence must only tend to show a retrospective impact on the jury’s verdict — not that the defendant did not commit the crime. That temptation should be avoided. As the Court alluded to in Sawyer v. Whitley, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), innocence in a capital case is different than innocence in a noncapital case. In a capital case, the prosecution has to prove, beyond a reasonable doubt, all of the elements that constitute the capital offense, and typically, for example, the existence of certain aggravating factors. A defendant could thus be guilty of a capital offense yet 'innocent of the death penalty’ if the prosecution fails to prove aggravating circumstances. Sawyer, 505 U.S. at 340-43, 112 *523 S.Ct. 2514. By contrast, a noncapital defendant is actually innocent of his or her crime "where the State has convicted the wrong person of the crime.” Id. at 340, 112 S.Ct. 2514.

. Virginia was among the first state legislatures to enact writ of actual innocence provisions. In 2001, the Legislature enacted a writ of actual innocence provision for newly discovered biological evidence; in 2004, it enacted a provision for newly discovered non-biological evidence. See 2001 Va. Acts Ch. 873 (codified at Va. Code Ann. §§ 19.2-327.2-6); 2004 Va. Acts Ch. 1024 (codified at Va. Code Ann. §§ 19.2-327.10-14). *525 The District of Columbia's writ of actual innocence statute — the Innocence Protection Act (IPA) — requires a petitioner to establish how newly discovered evidence "demonstrates that the movant is actually innocent despite having been convicted at trial or having pled guilty.” Under the IPA, actual innocence "means that the person did not commit the crime of which he or she was convicted.” D.C. Code §§ 22-4131, 4135.

. For example, a petitioner for a writ of actual innocence must allege "that the petitioner is actually innocent of the crime for which he was convicted” under the Virginia writ of actual innocence statute. Va. Code Ann. §§ 19.2-327.11. In Maryland, a similar requirement is prescribed instead by Rule 4-332.